**Eugene O. RICHTER, Appellant,**

v.

**Laura J. RICHTER, Respondent.**

No. 35674.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 27, 1976.

Maniscalco, Clancy, Pittman & Bagot, George D. Pittman, Jr., Clayton, for appellant.

Brown & Freyman, David B. Freyman, St. Louis, for respondent.

RENDLEN, Judge.

Plaintiff-husband appeals a June 25, 1973 order of the Circuit Court modifying a divorce decree granted on the 13th day of December, 1971. Six months following the divorce, defendant-wife filed her motion to modify seeking an increase of alimony and child support, and the court, sustaining this motion, increased the award of alimony from $40 to $100 per month and the award of child support from $40 to $100 per month for each of the four minor children in respondent's custody. This action was tried and determined prior to the New Dissolution of Marriage Act and is governed by the former law.

█ We review the case on the law and evidence giving due regard to the trial court's judgment as to credibility of witnesses. Rule 73.01, V.A.M.R. While the judgment of the trial court should not be set aside unless erroneous, such is not a mandate prescribing judicial "blindness" and in reviewing the case de novo we are cognizant of our duty to reach our own conclusions based on the law and the evidence presented by the case, *In re Marriage of Powers*, 527 S.W.2d 949, 954[7] (Mo.App. 1975). The court is to enter such judgment as the trial court should have entered, *Glaves v. Glaves*, 523 S.W.2d 169, 172[8] (Mo.App.1975). Therefore, when an appellate court finds the award inadequate, it will order the amount increased. See *Phillips v. Phillips*, 219 S.W.2d 249, 276[10] (Mo. App.1949). By the same token if we find the amount awarded excessive, it is our duty to order a reduction. *S. v. S.*, 514 S.W.2d 1, 8[10–13] (Mo.App.1974).

█ On examination of the entire record we find that increasing alimony for the defendant-wife from $40 to $100 is not erroneous but the order increasing child support from $40 to $100 per month per child is excessive and a proper award under the circumstances here presented is $90 per month per child.

Evidence of appellant's income was in part vague and contradictory. As sole owner and operator of a business known as "Richter Equipment Company," many of his personal expenses are paid by the business. Appellant in his brief contends his annual income was $10,490 but testified to an income for federal tax purposes of approximately $12,000; appellant's attorney admitted his client's income was in the range of $13,000. Respondent contends many of the items paid by appellant's business were personal expenses and should be accounted as income on his part, claiming that appellant's true spendable income was approximately $18,000. At the time of the divorce appellant's available income was $12,000 to $13,000.

It is significant appellant concedes respondent's allegation as to need for additional child support. In his brief appellant states: "Appellant confesses and stipulates that the testimony and evidence adduced sufficiently supported respondent's allegation of an increased need for more money to adequately support the children in her custody." While the four younger children are and have at all times been in respondent's custody, the record shows appellant has custody of the parties' 17 year old daughter and 15 year old son. Considering all the circumstances of the parties as they have changed since the original decree of divorce, including the needs of the children, health problems, the diminished buying power of the dollar, respondent's deteriorating financial condition contrasted with the improved financial status of appellant, we feel that the decree was in most regards supported by the record. There was no abuse of discretion by the trial court relating to the increased award of alimony but the increased award of child support is excessive. A detailed recitation of all the facts and figures in evidence would serve no useful

purpose for the disposition of the cause and a lengthy opinion would have no precedential value, particularly since rules relating to this type case have been oft repeated and in view of the change in the law of Missouri relating to cases of this character occurring after January 1, 1974. Therefore, we affirm the trial court's decree in so far as it increases the award of alimony to $100 but remand with directions to order child support for the four minor children born of the marriage now in the custody of respondent in the sum of $90 per child per month.

WEIER, P. J., and DOWD, J., concur.