**Dixie J. SMITH, Respondent,**

v.

**Kenneth W. SMITH, Sr., Appellant.**

**Nos. 37637 and 38921.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

Oct. 25, 1977.

Maniscalco, Clancy, Pittman & Bagot, George J. Bagot, Clayton, for appellant.

Klutho, Cody & Kilo, Attys., Inc., Edward C. Cody, St. Louis, for respondent.

NORWIN D. HOUSER, Special Judge.

In November, 1973 Dixie J. Smith filed a motion to modify the March, 1970 order awarding her $25 per week for the support of 11-year-old Barbara Ann, child of her marriage with Kenneth Smith. She sought an increase on the basis of increased cost of living, decreased purchasing power of the dollar and an increase in her ex-husband's ability to pay. She also asked for attorney fees and expense money. In January, 1974 the ex-husband filed a countermotion to modify. He sought a reduction on the basis of a decrease in his earnings, and an order requiring the ex-wife to contribute to the support of the child because of her financial ability in view of the fact that since the divorce she had obtained employment and financial independence. He also asked for an order requiring the ex-wife to pay his attorney fees and "costs of litigation and costs of court."

During four days in August and September, 1974 the two motions were tried to the court. In July, 1975 the court sustained Dixie Smith's motion and overruled Kenneth Smith's motion, and made an order requiring the ex-husband to pay $40 per week for child support. Barbara Ann was then 16 years old. The ex-husband appealed the orders made on both motions. The ex-wife filed a motion for attorney fees and

expenses to be incurred on appeal. The court sustained that motion and allowed $750 attorney fee and $75 expenses. The ex-husband appealed this separate order. The two appeals were consolidated and will be disposed of in one opinion.

Case No. 37637—On the Motions to Modify the Order Relating to Child Support

■ Examination of the lengthy pleadings, interrogatories, answers to interrogatories and exhibits, including numerous individual and corporate income tax returns, bank ledger sheets, financial statements, and other documents, the 354-page transcript and sixty pages of appellate briefs leads inevitably to the conclusion that the trial court's order increasing the child support by $15 per week was inadequate and that the father is financially able to meet the actual necessities of the situation.

Kenneth Smith is a real estate broker who does business through a wholly-owned, one-man corporation. He owns a number of income-producing properties, having acquired three such properties since 1970. He has also built himself and his new family a $30,000 home in Ladue on a lot which cost $10,000. Gross rentals from his real estate holdings approximate $50,000 per year. His borrowings require sizeable payments of principal and interest. Gross cash receipts increased each year:

| Year Ending | Total Cash Receipts |
| --- | --- |
| 6–30–1970 | $ 67,612 |
| 6–30–1971 | 172,824 |
| 6–30–1972 | 183,389 |
| 6–30–1973 | 254,317 |

He conceded nontaxable income in the form of depreciation taken on his personal tax returns as follows: 1970, $10,000; 1971, $10,000; 1972, $10,500; 1973, $10,647. Records show his equities in various properties are increasing at the rate of $10,200 annually because of the large annual payments he is devoting to the reduction of indebtedness. These payments run about $3,500 to $4,000 per month. He admitted his total indebted-

ness against his real estate was reduced by the sum of $29,974 during the first eight months of 1974. His financial statement as of January 1, 1974 showed assets of $448,121 (including real property interests valued at $429,000) and liabilities of $381,373, thereby showing a net worth of $66,747. Corporate tax returns show an increase in the value of the corporate assets from $38,000 on June 30, 1971 to $101,225 on June 30, 1974. Since the 1970 divorce he has bought 500 shares of General Dynamics stock valued at $10,000; has kept his 100 shares of TWA, and other stocks; has acquired three parcels of income-producing property, built a new home and reduced his mortgage indebtedness by $10,000 or more each year. He testified that his living costs were $10,200 per year for himself, his new wife and her child.

Dixie Smith received $20,000 alimony in gross at the time the divorce was granted in 1970. At that time she was not employed. The $20,000 had dwindled to $3,200 in 1974. At the time of trial she was employed. Her monthly take-home pay was $553.90 per month. Her net income as shown on her 1973 income tax return was $6,825.

There is undisputed evidence that the expense of maintaining Barbara Ann and supplying her needs of food, clothing, medical and dental care, laundry and cleaning, and for recreation, school and personal items in 1974 was $323 per month.

■ Appellant contends that it was error to modify the child support award upwards because there was a failure to prove either a need for greater support, or that his ability to pay had so changed as to make the original award unreasonable. He claims that the real estate market had been depressed; the real estate business bad; that he has had no income from his real estate company since 1970; that while at time of trial in 1970 he had a job and a salary of $13,300, in 1974 he had no salary and no income except rental income (which was less than in 1970); that his debts were greater in 1974 than in 1970; that he was

living on money borrowed on his life insurance policies; that a $40 weekly award is unreasonably high and constitutes a manifest abuse of discretion. Appellant points out that the ex-wife is working and has an income but he makes no contention that the court should have entered a child support order against her. We are aware of the rule that when only one party appeals, review is limited to contentions made by the appellant; that allegations of error made by respondent will not be considered, and a respondent's complaints about a modification of an order in a domestic relations case will not be heard. *Wagner v. Wagner*, 465 S.W.2d 655, 657[1, 2] (Mo.App.1971); 3 Mo. Dig. Appeal and Error The ex-husband alone has appealed these two orders; the one increasing the child support award, the other denying a reduction of the amount awarded. The ex-wife did not appeal either ruling, and therefore allegations of error made by the ex-wife would not be heard. In defending these appeals, however, the ex-wife has not alleged error or complained about the rulings. To the contrary, in the concluding sentence of her brief she states that the trial court ruled correctly, and the decision should remain undisturbed, "unless in the interests of justice, this Court should order Appellant to pay an additional amount of child support on the grounds that needs of the child dictate such action and ability of Appellant to pay requires such payment."

 Appellant's first two points on appeal raise the question of the need of Barbara Ann for increased financial support, and whether the amount awarded is "unreasonably high in relation to * * * appellant's income and earning capacity and accordingly constitutes a manifest abuse of discretion * * *." By thus inviting appellate review of the question "How much?" appellant has opened the issue of the amount of money required to promote the welfare of the child, consistent with the financial ability of appellant to pay. We deal here with the sole issue of support for a minor child. This appeal does not involve maintenance or a division of the marital property. Where support of a minor child is involved we are not bound by any agreement of the parties or by a particular judgment of the trial court. The guiding star for our decision is the welfare of the minor child. Once the welfare of the child is in judgment the court must make the necessary orders to promote that welfare, within the indicated limitation, and technical considerations must give way to that overriding consideration.[1] Tried to the court without a jury, these cases are to be reviewed both on the law and the evidence as in cases of an equitable nature. Rule 73.01 3.(a); § 510.310(4), RSMo 1969. We must " * * * give such judgment as [the trial court] ought to have given, as to [us] shall seem agreeable to law," Rule 83.13(c), and not only order a reduction if we find the amount excessive but also order the amount increased if we find the award inadequate to meet the reasonable needs of the child, *Richter v. Richter*, 532 S.W.2d 903[1, 2] (Mo.App.1976), and that appellant has the financial ability to pay an increased amount.

There is ample evidence of changed conditions making the original allowance of $25 per week unreasonable.

As indicated, the evidence that the child's financial needs amount to $323 per month was not disputed or challenged.

On ability to pay, appellant's position is that notwithstanding his admitted net worth, which is considerable, notwithstanding his large gross income and ever-increasing equity in the mortgaged properties, he is so strapped financially that he cannot pay $15 more per week for the support of his child *because his expenditures continually exceed his receipts.* He reaches this posi-

1. This is true not only in cases involving custody of children, *Lewis v. Lewis*, 301 S.W.2d 861 (Mo.App.1957); S——— v. G———, 298 S.W.2d 67, 74[2] (Mo.App.1957), but also in cases involving money matters. *Wonneman v. Wonneman*, 305 S.W.2d 71, 78[6] (Mo.App.1957).

tion by budgeting his outgo in such a manner as to divest himself of several thousands of dollars each month by way of payments on mortgages; by subtracting from income the exemptions allowed him under the federal income tax law and figuring into the calculation the maximum depreciation on his real estate, thereby arriving at the conclusion that his "cash flow" constantly falls below actual expenses. In other words, he constantly reduces his own ability to support his child, which under § 452.340(1), RSMo 1969 is his "primary responsibility." Appellant's plea of financial inability to pay more, based upon this kind of budgeting, bookkeeping and legerdemain, is rejected. If he is financially disabled it is a voluntarily self-inflicted disability. " * * * [H]e who performs a man's part in procreation shall also perform a man's part in providing support for his progeny." *Ivey v. Ayers*, 301 S.W.2d 790, 794[6] (Mo.1957).

The record in this court-tried case, reviewable under Rule 73.01, demonstrates that the order awarding the mother-custodian an increase in the sum of $15 per week is against the weight of uncontradicted evidence that at trial time the financial requirements of this child, then 16 years old, amounted to $323 per month. Under this evidence the court's award of the total sum of $40 per week, or approximately $180 per month, constituted an abuse of discretion, and must be increased. Considering appellant's net worth, his ability to pay for the reasonable needs of his daughter by devoting to her support a small part of the large sums he is now applying to the accumulation of greater equities each year in the mortgaged properties, and finding the evidence of her financial needs reasonable, the judgment entered July 31, 1975 must be modified by increasing the amount of child support from $25 to $75 per week.

Accordingly, the order and judgment of July 31, 1975 in Case No. 37637 is modified as of July 31, 1975 by striking the figure "$40.00" occurring in the phrase "$40.00 per week for the support of the minor child," and inserting in lieu thereof the figure "$75.00," so that the sentence in which it occurs shall read: "Respondent is ordered to pay to petitioner the sum of $75.00 per week for the support of the minor child, Barbara A. Smith, for all weeks from and after October 1, 1974." In all other respects the order and judgment of July 31, 1975 shall remain in full force and effect.

## Case No. 38921—Fee and Expenses on Appeal

The judge who tried the motions to modify and entered judgment thereon was removed from office in July, 1976. He was succeeded by Judge Edward L. Sprague in October, 1976. In October, 1976 the ex-wife filed a motion for attorney fee and expenses on appeal, and an affidavit and suggestions in support of the motion. The motion was argued before Judge Sprague, submitted without testimony and sustained on December 29, 1976. The court ordered the ex-husband to pay a $750 attorney fee in defending the appeal and $75 expense of preparing an appeal brief. The ex-husband moved to set aside the order of December 29, 1976 or for a new trial, alleging that in oral argument of the motion the court was advised that the ex-husband was in the courtroom and that he requested the court to hear evidence on the motion; that the court advised the parties that it would consider the matter and ordered the attorneys to file a memorandum that the ex-wife's motion for attorney fee and costs on appeal "was partially heard and submitted"; that thereafter, without further word, the court sustained the motion without permitting the ex-husband to be heard; that the successor judge was not familiar with the facts, heard no evidence regarding the ex-husband's income or ability to pay or the ex-wife's financial status, and had before him no evidence upon which to base his decision. The motion to set aside was argued, submitted and overruled, whereupon the ex-husband filed a notice of appeal from the latter order.

Appellant contends that it was error to enter the order allowing an attorney fee and expenses for an appeal since Judge Sprague did not personally hear the evidence on the motions to modify, and did not hear any evidence on the motion for attorney fee and expenses. Although no evidence was heard by Judge Sprague on this latter motion, evidence on the issue had been taken in connection with the motions to modify heard by the predecessor judge. This evidence was available in the form of an already-prepared transcript approved by both counsel and filed in the court of appeals December 13, 1976, a copy of which presumably was on file in circuit court pursuant to Rule 81.12(a). That transcript, prepared for appeal of the orders made on the motions to modify, contained extensive evidence pro and con, oral and documentary, on the issue of the financial status of the parties and the ability of each to pay or not to pay attorney fees, etc. There was no stipulation by the parties that Judge Sprague, the successor judge, could decide the present motion upon reading and considering the transcript and exhibits, and nothing in the record indicates that he did resort to the transcript.

■■■ Section 452.355, RSMo 1969 provides that "[t]he court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount * * * for attorney's fees * * *," but we find no statute governing the situation where a successor judge takes jurisdiction under the circumstances of this case. Rule 79.01 does not apply, for that rule deals with the power of a successor judge to perform duties to be performed after a verdict is returned or findings of fact are filed, where the predecessor judge leaves office before performing those duties. Here the predecessor judge, before leaving office, rendered final judgment on all matters then pending in Case No. 38921. The present motion, involving an entirely new phase of the case, was filed after the predecessor judge left office. Much of the evidence contained in the transcript available to the successor judge bears on the issues raised in the present motion, but to use that evidence the court would be required to weigh and compare the oral testimony of witnesses without having had the opportunity to hear and observe those witnesses on the stand. We adhere to the rule that under these circumstances, in the absence of a stipulation agreeing to such a procedure, a successor judge is without power to render a decision or judgment upon testimony heard by his predecessor. Anno: Power of Successor or Substituted Judge, in Civil Case, to Render Decision or Enter Judgment on Testimony Heard by Predecessor, 22 A.L.R.3d 922, § 3(b), p. 929, et seq. Since there was no stipulation that Judge Sprague could decide the motion by reading and considering the evidence in the transcript; since no evidence was presented to him personally on the motion, and since as a general rule a judgment or order must be based upon evidence, 17A Mo.Dig. Judgment ■■■ 49 C.J.S. Judgments § 44, and since in order to allow counsel fees and suit money in a suit of this nature "there must be 'evidence establishing the need of the wife to have the expense of the litigation borne by the husband,'" *McFadden v. McFadden*, 477 S.W.2d 722, 725[5, 6] (Mo. App.1972), the court erred in ruling on the motion without any evidentiary basis therefor.

The order of December 29, 1976 is reversed, and the motion for an attorney fee and expense money on appeal is remanded to the circuit court for a hearing at which both parties may present evidence on the matter.

SIMEONE, C. J., and ALDEN A. STOCKARD, Special Judge, concur.