Sharon L. HOPPERS, Appellant,

v.

John R. HOPPERS, Respondent.

No. 32893.

Missouri Court of Appeals,
Western District.

Aug. 17, 1982.

M. Margaret O'Hare, Kansas City, for appellant.

Stephen V. Crain, Kansas City, for respondent.

Before KENNEDY, P. J., and WASSERSTROM and MANFORD, JJ.

MANFORD, Judge.

This appeal has been taken from judgment in the form of an order dismissing a motion to modify a decree of dissolution to increase child support payments. The judgment is affirmed.

Appellant charges the trial court erred by dismissing her motion to modify because (1) she met her burden of proof to sustain the modification and (2) the trial court failed to consider respondent's financial state.

Review of this matter comes within the rule of *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976).

The record reveals appellant offered to the court three different cost estimates for groceries for the daughter. The record also reveals appellant sought increased support for the son of the parties (aged 19) who was working and not even living with appellant. The son resides with another family. Appellant testified she gives the son money for car expenses and other items, but bears no day to day or month to month living cost on his behalf.

The record reveals appellant provided no evidence for the trial court (for her daughter) as to $75.00 per month for recreation and $100.00 per month "miscellaneous expenses". The court did not err in concluding appellant failed to carry her burden of proof to support an increase in child support.

As to the second portion of her argument, the record reveals appellant offered *no* evidence as to respondent's financial status, nor any attempt to ascertain the same. It is correct that respondent's financial status is a factor for the court to consider the same, there must be sufficient evidence to support a finding regarding the financial situation. Otherwise, the court would abuse its discretion. *Eastes v. Eastes,* 590 S.W.2d 405, 409 (Mo.App.1979).

In this same proceeding, respondent moved to have the son declared emancipated and the trial court overruled the motion.

Under *Murphy v. Carron,* supra, the trial court did not err.

Judgment affirmed.

All concur.