**Janet Elaine STEIB, Respondent,**

v.

**Charles Harry STEIB, Appellant.**

**No. 47602.**

Missouri Court of Appeals,
Eastern District,
Division Six.

June 26, 1984.

Charles H. Steib, pro se.

L. Joseph Garavaglia, St. Ann, for respondent.

CLEMENS, Senior Judge.

Husband's appeal challenges modification order entered seven years after disso-

lution. It increased the husband's support obligation and failed to decrease it as he had prayed.

By husband's brief he contends there was no substantial change of the wife's circumstances to warrant the increase. Wife responds that her worsening physical and emotional condition lessened her self-support ability. By his related point husband contends that because of his increasing costs of child support the court erred in raising the wife's support allowance.

Crucial to the problem here is that ten years before dissolution the wife was injured in a traffic collision. She suffered a permanently disabling brain injury. Originally the court had granted primary child custody to the husband; it had granted wife $165 monthly for six months and $25 a month thereafter.

We summarize testimony supporting the decree increasing alimony from $25 a month to $300 a month.

Wife was originally living with her mother but she suffered a stroke and is now in a nursing home; the home is soon to be sold.

Wife relies on the testimony of Dr. Lawrence Kuhn, a psychiatrist. He had examined wife at the time of the original decree in 1976 and again at the current modification hearing. Originally the doctor found that because of her brain injury the wife was mentally unable to care for her three children. Her memory and thinking ability were impaired. Still, the wife was optimistic about being able to support herself while living in her mother's home. She did domestic work but only periodically.

By trial time on this motion Dr. Kuhn re-examined the wife and found her mental condition had deteriorated. She no longer had any interest in her personal care, in getting along with other people nor in employment. Her mental condition is permanent and progressive.

The wife's brother and sister confirmed her worsening mental and physical failure as described by Dr. Kuhn.

Husband's testimony: His monthly salary has increased to almost $3,000 and he expects further increases. He has three children in private schools at a monthly costs of $573. He owns three cars and a camper. His present home cost $156,000.

Where, as here, there is an adverse change in the wife's physical and mental condition the husband's increased earnings justifies an increase for her maintenance. *Rincon v. Rincon*, 571 S.W.2d 475[5] (Mo. App.1978). See also *Markham v. Markham*, 506 S.W.2d 84[1, 4–8] (Mo.App.1974), so holding and adding that we must give due regard to the trial court's opportunity to judge witnesses' credibility and affirm its decree where as here it is not clearly erroneous.

Affirmed.

DOWD, C.J., and PUDLOWSKI, J., concur.