Elmer L. STRATTON, Jr., and Elmer L. Stratton, Jr., Personal Representative of the Estate of Elmer L. Stratton, Deceased, Plaintiffs-Respondents,

v.

Ada Penny STRATTON and Thomas L. Blickhan and Dorothy J. Blickhan, husband and wife, Defendants-Appellants.

No. 48717.

Missouri Court of Appeals, Eastern District, Northern Division.

July 16, 1985.

Richard R. Howe, Canton, for defend-
ants-appellants.

John B. Morthland, Wasinger, Parham &
Morthland, Hannibal, for plaintiffs-respon-
dents.

DOWD, Presiding Judge.

This is an appeal from a judgment for
plaintiff in a court tried case which granted
an implied trust, either constructive or re-
sulting, on land previously owned by de-
fendant Ada Stratton, and subsequently
conveyed to defendants Dorothy and Thom-
as Blickhan. We find that the imposition
of a constructive trust was proper. We
affirm.

The plaintiff, Elmer L. Stratton, Jr.
(herein E.L.) and defendant Dorothy Blick-
han are the only children of Elmer L. Strat-
ton, Sr. (deceased) and Sally Betz Stratton
who died in 1946. In 1947, Elmer L. Strat-
ton, Sr. married defendant Ada Penny

Stratton who was divorced and had no chil-
dren. Two days prior to the marriage El-
mer deeded all of his lands to his children
E.L. and Dorothy reserving to himself a
life estate. Also he obtained a letter from
Ada Penny acknowledging that she knew
of the transfers before the marriage.

In 1958, the 160 acre tract referred to as
the "Betz Place" was purchased from the
sister-in-law of Elmer Stratton's first wife.
The deed recording the conveyance read
"Elmer L. Stratton and Ada Penny Strat-
ton, husband and wife." From 1958 to
1982, the Betz Place was farmed by E.L.
Stratton pursuant to an oral agreement
with his father concerning the division of
crops grown on the Betz Place. Ada Pen-
ny Stratton was not involved in the
management of the property or the division
of crops from the land.

In 1976, Elmer and Ada Stratton entered
into a marital agreement which essentially
provided that both Elmer and Ada agreed
not to make a claim on the other's estate,
and that Elmer would give $10,000.00 to
Ada in order to equalize their estates. Ada
admitted she received the $10,000.00 from
Elmer.

A host of witnesses testified at the trial
that they had had conversations with El-
mer to the effect that E.L. was to get the
Betz Place. A number of these conversa-
tions occurred in the presence of Ada and
she did not object to such statements by
Elmer. Furthermore, the attorney who
prepared the marital agreement testified
that he specifically told Elmer and Ada that
property they own must be held separately
in order to effect the agreement; that
property held jointly would have a right of
survivorship.

In 1982, Elmer Stratton died. He left all
of his realty to his son, E.L., in his will.
However, there was no real property in-
cluded in his estate. The Betz Place
passed to Ada Stratton through right of
survivorship outside of the estate. In
1983, Ada Stratton sold the Betz Place to
defendants Tom and Dorothy Blickhan.
Tom and Dorothy, E.L.'s brother-in-law and

sister, had knowledge of E.L.'s claim to the land.

The principal issue here is whether the trial court's finding of a constructive trust or a resulting trust in favor of plaintiff is supported by the record. If the evidence supports either a constructive trust or a resulting trust we must find for plaintiff.

On appeal of a case tried by the court without a jury, "the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it unless it is against the weight of the evidence, unless it erroneously declared the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Credibility of the witnesses is for the trial court and we may not substitute our judgment for that of the trial court. *Wells v. Wells*, 623 S.W.2d 19, 22 (Mo.App.1981); Rule 73.01(c)(2), and it was the duty of the trial court to weigh all the evidence.

There were no findings of fact made by the trial court. Thus all facts are deemed found in accordance with the results reached, and we must accept as true all evidence and permissible inferences favorable to the prevailing party. *Elliott v. West*, 665 S.W.2d 683, 690 (Mo.App.1984).

"Whenever equity finds that one has title to property, real or personal, originally acquired by any kind of wrong doing, *although innocently obtained*, now held under such circumstances that retention of the title will result in unjust enrichment, equity may declare such titleholder to be the trustee of a trust constructed by it for the purpose of working out justice...." (emphasis added). Bogert, *Law of Trusts*, 5th ed. 1973, § 77, P. 287–88; See *Swon v. Huddleston*, 282 S.W.2d 18, 25–26 (Mo. 1955).[1]

Under the evidence, the trial court was justified in entering judgment for plaintiff on the theory that Ada and Elmer Stratton treated the Betz Place from the time of its purchase as belonging to Elmer Stratton and that it would go to his son, E.L., after Elmer's death. *Glauert v. Huning*, 290 S.W.2d 126, 132 (Mo.1956). See *Kane v. Johnson*, 397 Ill. 112, 73 N.E.2d 321, 324 (Ill.1947). Ten witnesses testified at the trial that the land in question was to go to the plaintiff according to his father. Several of the witnesses testified as to Ada Stratton's knowledge of her husband's intentions and her assent therein. This evidence was not contradicted at trial by Ada or any other witness. Furthermore, the records show that Ada did not take any active interest in the farm. Elmer Stratton and the plaintiff ran the farm for 25 years dividing the proceeds from its crops between themselves. When the marital agreement was signed in 1976 between Elmer and Ada, their attorney specifically told them that their property must be held in separate names in order to effect the intent of the agreement. Therefore, it is a reasonable inference that Elmer and Ada were mistaken as to how title to the Betz Place was to be held. The parties clearly treated Elmer as the owner, and the mistake in the recording of the deed in both Elmer and Ada's name is one from which equity will grant relief. *Smith v. Wasler*, 49 Mo. 250 (1872); Bogert, *Law of Trusts*, 5th ed. 1973, § 80, p. 293; see *Hedges v. Lysek*, 84 So.2d 28, 31 (Fla.1955) and *Palmer v. Palmer*, 390 So.2d 1050, 1053 (Ala. 1980). A constructive trust was a proper remedy for the trial court to employ and it was supported by substantial evidence.

Defendants' next contention on appeal is that the trial court erred in not sustaining defendants' oral motion to dismiss as to E.L. Stratton, Jr. as Personal

---

**1.** "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.... A court of equity in decreeing a constructive trust is bound by no unyielding formula." Cardozo, C.J., in *Beatty v. Guggenheim Exploration Co.*, 225 N.Y. 380, 386, 389, 122 N.E. 378. Dean Pound has referred to this type of trust as "specific restitution of a received benefit in order to prevent unjust enrichment." 33 Harv.L.Rev. 420, 421 (1919).

Representative of the Estate of Elmer L. Stratton, Deceased. Defendants argued that E.L. Stratton, Jr. as Personal Representative of the Estate lacked standing as a party in that no relief was sought on behalf of the estate. This oral motion was made at the close of plaintiffs' case.

The trial court's docket sheet entry of November 10, 1983, states in part as follows:

> Plaintiff makes an oral Motion for Leave to File An Amended Petition naming Thomas Blickhan and Dorothy J. Blickhan as well as E.L. Stratton, Jr., as a party plaintiff. *Defendant has no objection* and enters his appearance for the Blickhans agreeing to accept service on their behalf. The court sustains the motion to file an Amended Petition. (emphasis added).

Plaintiff Elmer L. Stratton, Jr., individually was the original plaintiff. Subsequent to the court's sustaining the above oral motion, Elmer L. Stratton, Jr., Personal Representative of the Estate of Elmer L. Stratton, Sr., was joined and treated as a party plaintiff throughout the plaintiffs' case. The only logical conclusion is that the docket entry of November 10, 1983, was incomplete in that it did not designate E.L. Stratton Jr., as the Personal Representative of the estate. Therefore, it is clear that E.L. Stratton, Jr., was being joined as a party plaintiff in his capacity as the Personal Representative of the estate for the reason that Elmer L. Stratton, Jr. was the original party plaintiff and thus already a party plaintiff. Because the record demonstrates that "defendant has no objection" to this joinder, defendants have consented to the joinder and thus waived any subsequent complaint regarding this issue. See *Truck Insurance Exchange v. Bill Rodekopf Motors,* 623 S.W.2d 612, 614–15 (Mo.App. 1981); *State ex rel., Mather v. Carnes,* 551 S.W.2d 272, 291 (Mo.App.1977). Defendants' point is without merit.

It is not necessary to discuss defendants' last point for the reason it was predicated on a contention of error, which we have rejected, in not sustaining defendants' oral motion to dismiss as to E.L. Stratton, Jr. as Personal Representative of the estate.

The judgment is affirmed.

CRIST and CRANDALL, JJ., concur.