Claire H. CIGNO,
Petitioner-Respondent,

v.

Sam E. CIGNO, Respondent-Appellant.

No. 51274.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 3, 1987.

Walther and Roberts, Greg Louis Roberts, Michael C. Walther, Clayton, for respondent-appellant.

Chester Arthur Love, Clayton, for petitioner-respondent.

CRIST, Judge.

Father appeals from the trial court's rulings increasing child support and maintenance, and denying his cross-motion to terminate maintenance. We affirm.

The parties' marriage was dissolved April 13, 1976. Mother was awarded custody of the five minor children of the marriage, child support of $200 per month per child, and $600 per month maintenance. On April 13, 1978, the order was modified, on father's motion, to give father custody of one child. On February 5, 1980, there was a second modification. This modification, representing an agreement by the parties, increased child support to $300 per month for each of the three youngest children, left support at $200 per month for one child, increased maintenance to $800 per month, and gave mother a lump sum payment of $1,800. The 1980 order includes a handwritten statement that "[i]t is understood that the $800 maintenance is being paid and accepted with the knowledge that petitioner [mother] intends to seek employment for the purpose of sup-

plementing said maintenance award." On August 15, 1984, mother brought the present motion to modify requesting an increase in child support to $650 per month for each of the three children who were still minors, and requesting maintenance be increased to $2,000 per month. Father filed a cross-motion to terminate maintenance. Before the motions were heard another of the parties' children became emancipated. On December 2, 1985, the trial court overruled father's motion and sustained in part mother's motion by increasing child support to $650 per month for the youngest child, leaving support at $300 per month for the other minor child, increasing maintenance to $1,000 per month, and awarding mother attorney fees of $3,150.

Father raises five points on appeal. In four of those he alleges the trial court abused its discretion; he claims error in (1) increasing child support for the youngest child, (2) increasing maintenance payments, (3) not terminating maintenance, and (4) awarding mother attorney fees. In his other claim of error, his point relied on IV, father asserts the trial court erred in failing to determine that it is father who may claim the minor children as dependents for income tax purposes.

■ When, in a modification proceeding, there is an allegation of abuse of trial court discretion, the standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976); and we will only reverse if the order is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. Father, as appellant, bears the burden of proving the trial court abused its discretion. *Salcedo v. Salcedo*, 693 S.W.2d 875, 878[5] (Mo.App.1985). Neither party requested findings of fact and the court made none. On appeal the facts are deemed to be in accordance with the order issued by the trial court. *Stratton v. Stratton*, 694 S.W.2d 510, 512[3] (Mo.App. 1985). The trial court is in the best position to judge the credibility of the witnesses. *Id.* at 512[2]. We will recite the specific facts as necessary to the disposition of

each of father's allegations of trial court error.

■ Father claims increasing child support for the parties' youngest child from $300 per month to $650 per month was an abuse of discretion, asserting mother failed to prove a substantial change in circumstances not contemplated in the 1980 award.

Father bases part of his argument on the nature of mother's evidence. Mother testified she was unable to provide for the parties' minor children on the money available to her from her income and support payments from father. In support of her testimony mother introduced both her current and her 1980 income and expense statements. Her evidence was that food costs, clothing costs, mortgage costs, gas and electricity costs had all increased in the four and a half years between the 1980 modification and the filing of the current motion. Father cites us to several cases where the trial court found insufficient evidence of increased need and modification was denied. *See Hoppers v. Hoppers*, 638 S.W.2d 329 (Mo.App.1982); *Hallums v. Hallums*, 585 S.W.2d 226 (Mo.App.1979); and *Plattner v. Plattner*, 567 S.W.2d 139 (Mo.App.1978). In all those cases the appellate court affirmed the trial court's denial of the motion to modify. Mother's evidence was presented in her income and expense statements and in her testimony; on that evidence the trial court, unlike in the cases cited by father, granted her part of the relief prayed for.

■ Father also alleges mother's evidence fails to satisfy the statutory requirement of "a showing of changed circumstances so substantial and continuing as to make the [existing] terms unreasonable." § 452.370, RSMo (Cum.Supp.1984). Unlike in the cases relied upon by father, mother's motion to modify did not follow on the heels of a prior support order, rather there was a four and a half year interval during which time the children got older and their needs changed. In addition to increased household expenses, mother testified she needed to provide the children with auto-

mobile insurance and to acquire a car for their use. In addition to showing increased need, mother presented evidence of father's greater ability to provide for those needs. Father's evidence that he has provided support in excess of his support obligation is not relevant to the children's future needs or mother's ability to provide for those needs. *In re Marriage of Simmons*, 636 S.W.2d 351, 352–53[2] (Mo.App. 1982). Increasing child support is not an abuse of discretion where father's income is more than four times mother's, individual expenses for the minor children have increased, household expenses have increased, and those expenses are being shared by fewer people. *See Fellner v. Fellner*, 715 S.W.2d 333, 334[1] (Mo.App. 1986); and *Butler v. Butler*, 698 S.W.2d 545, 548[4] (Mo.App.1985).

■ In his next two points relied on father complains about the increase in maintenance. Father's 1984 federal income tax return indicates father received a salary of $64,307. In addition to his salary from Sam E. Cigno, Inc., entertainment and dues expenses for father, a dentist, were provided by the business. Father also received rents, paid to him by the business, on property he leased to the business. Mother's gross income at the time of the modification hearing was $335 per week, which represented her highest income level to date. Mother has suffered from medical problems, including a prolapsed mitral valve, which have restricted her physical and business activities, and potentially hampered her chances of significantly increasing her income.

Father stresses that in 1980 when maintenance was increased to $800 per month mother was unemployed; arguing now that she is employed she should need less, not more, maintenance. The 1980 award of $800 per month, however, was made in contemplation of mother earning an income. She sought and obtained employment; now four and a half years later the combination of maintenance and income is insufficient to meet her needs. Father's reliance on *Sellew v. Sellew*, 675 S.W.2d 83

(Mo.App.1984) is misplaced because there is no evidence a lesser increase in maintenance would allow mother to meet her needs. Although mother is not living in poverty or totally incapacitated we cannot say the denial of father's motion to terminate maintenance and the decision to increase maintenance by $200 per month is an abuse of discretion considering the drastic disparity of incomes, mother's financial needs and earning capacity, and mother's health. *See Schneider v. Schneider*, 704 S.W.2d 293, 295 [1] (Mo.App.1986); *Steib v. Steib*, 672 S.W.2d 740, 741 (Mo.App.1984); *Richter v. Richter*, 532 S.W.2d 903, 904 [3] (Mo.App.1976); and *Cole v. Cole*, 532 S.W.2d 508, 510–11 [5, 6] (Mo.App.1975).

■ Father's last assertion of abuse of discretion pertains to the award of attorney fees. Father is better able to bear the cost. There was no abuse of discretion. *Gonzalez v. Gonzalez*, 689 S.W.2d 383, 386[6] (Mo.App.1985); and *Fauser v. Fauser*, 677 S.W.2d 422, 423 [4] (Mo.App.1984).

■ Father's final claim of error is the trial court erred in not granting father the right to claim the parties' minor children as his dependents for income tax purposes. For his argument father relies on an analysis of I.R.C. § 152(e)(4) (1984). Under § 152(e) the custodial parent is entitled to the dependency exemption unless one of the exceptions applies. The noncustodial parent can claim the child as a dependent if "the custodial parent signs a written declaration ... [that she] ... will not claim such child as a dependent." § 152(e)(2)(A). There is no such agreement in the record before us nor does father assert there is one. The noncustodial parent can also claim the child if "a qualified pre–1985 instrument between the parents *applicable to the taxable year* ... provides that the noncustodial parent shall be entitled to any deduction." § 152(e)(4)(A)(i) (emphasis ours). A qualified pre–1985 instrument is defined in § 152(e)(4)(B) as "any decree of divorce or separate maintenance or written agreement." Mother was audited. That audit determined she was not entitled, under the then applicable Internal Revenue

Code, to claim the minor children as dependents in 1981, 1982 or 1983. Such a ruling is not a decree of divorce or maintenance nor is it an agreement between the parties. It was a ruling applicable to tax years 1981–1983, not an instrument applicable to future taxable years under a revised code.

Judgment affirmed.

KELLY, P.J., and SIMEONE, Senior Judge, concur.