In re the MARRIAGE OF Stephanie Anne BARNES, Petitioner-Respondent,

and

Michael Frank Barnes, Respondent-Appellant.

No. 15046.

Missouri Court of Appeals, Southern District, Division One.

Oct. 22, 1987.

Danny R. Nelson, Fitzsimmons & Schroeder, Springfield, for petitioner-respondent.

John S. Pratt, Pratt & Fossard, Springfield, for respondent-appellant.

GREENE, Presiding Judge.

Michael Frank Barnes appeals from a trial court order modifying a prior child support award by increasing the amount Michael is to pay for the support of his minor child, Dustin, from $100 a month to $300 a month. Michael contends that Dustin's custodian, who is his former wife, Stephanie Anne Barnes, did not prove by substantial evidence that there had been a change of "circumstances and expenses" of Stephanie to such a degree that tripling of the amount of child support was justified.

The parties were married October 30, 1976. A child of the marriage, Dustin Michael Barnes, was born November 9, 1978. The marriage of the parties was dissolved November 10, 1982. Stephanie was awarded custody of Dustin, and Michael was

ordered to pay Stephanie $190 a month maintenance for 12 months, after which the maintenance was reduced to $100 a month. He was also ordered to pay her $100 a month as child support.

In December of 1985, Michael filed a motion to modify his visitation rights and to terminate the maintenance award. In regard to the maintenance, he contended that Stephanie was working and able "to care for herself and provide for her own needs." Stephanie filed a counter-motion in which she sought to have the amount of child support increased, contending that the child's expenses had substantially increased, that Michael's income had increased, and that Michael had remarried. Stephanie asserted that Michael's new wife was employed and "has substantial income to contribute to their monthly living expenses thus making more of Respondent's income available for child support."

After an evidentiary hearing, the trial court terminated the maintenance award, and increased the child support from $100 a month to $300 a month. This appeal followed.

In order to warrant a modification of a child support award, the movant must carry the burden of showing a change of circumstances so substantial and continuing as to make the existing award unreasonable. § 452.370.1;[1] *In re Marriage of Burroughs*, 691 S.W.2d 470, 475 (Mo.App. 1985). In determining whether a substantial change in circumstances has occurred, the trial court is authorized to consider "all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse...." § 452.370.1.

In order for Stephanie to have sustained her burden of proof, it was incumbent upon her to introduce clear and unequivocal evidence that the actual expenses for support of the child had increased substantially. *Kieffer v. Kieffer*, 590 S.W.2d 915, 917 (Mo. banc 1979); *Niswonger v. Niswonger*, 676 S.W.2d 932, 933 (Mo.App.1984). She did not do so.

At the time of the original decree, Dustin was four years old. He was seven and a

**1.** References to statutes, unless otherwise indicated, are to RSMo 1986, V.A.M.S.

half and in school at the time of trial. Stephanie testified that her monthly living expenses had increased considerably during that period of time, but only attributed $28.50 of that increase directly to Dustin, which amount represented school expenses and the cost of day care while Dustin was not in school and she was working. The only other specific evidence concerning an increase of expenditures which could be connected to rearing of the child was Stephanie's testimony that her mobile home rental had increased from $75 a month to $92 a month and that her utilities had increased 10 to 15 percent, which was not translated into a dollar figure by her testimony. While Stephanie did identify a list of her monthly expenses, which was received in evidence as her exhibit 3, there was no evidence as to which of those expenses directly or indirectly resulted from her having custody of Dustin.

Michael and Stephanie were both working at the time of the dissolution of marriage, and both had received wage increases before the modification. Michael had married again. His new wife is working, and her income is being used to help pay the family expenses. At the time of the modification hearing, she was pregnant, and there was no testimony as to when, or if, she would be able to return to work after the baby was born. What impact the new baby will have on the expenses of Michael's household would be sheer speculation.

■ While an increase in the costs of children's expenses, an increase in a child's age, *and* an increase in the father's earnings may constitute changed circumstances which necessitate an increase in child support, *Butler v. Butler*, 698 S.W.2d 545, 548 (Mo.App.1985), unless there has been evidence of a substantial and continuing change in circumstances rendering present child support terms unreasonable, the child support obligor's ability to pay is not a relevant factor. *Bellis v. Bellis*, 664 S.W. 2d 12, 13 (Mo.App.1983); *Plattner v. Plattner*, 567 S.W.2d 139, 142 (Mo.App.1978).

■ We recognize that as a child grows older and enters school, the expenses for caring for it increase, and that the older they get, the more the expenses

increase. However, in order to make a rational determination of where a child support increase is justified, and how much, it is vital that the child's custodian present a detailed explanation of what the child's direct and indirect expenses are, and how much those expenses have increased since the date of the support award that the custodian claims is inadequate. This was not done here. Since it was not, the increase in child support from $100 a month to $300 a month was based on conjecture and speculation, and cannot stand.

While in some cases the appellate court has adjusted the child support award if there was substantial evidence in the record to justify some part of the increase, see *In re Marriage of Walker*, 661 S.W.2d 65 (Mo.App.1983), we cannot do so in this case. We do not have evidence before us that shows a substantial increase in the expenses incurred in raising the child, which, as previously stated, must be shown before considering whether Michael could pay more child support than he is paying now.

That portion of the trial court's order terminating Stephanie's maintenance has not been challenged here, and will remain unchanged. Those portions of the modification decree ordering that the child support for the minor child, Dustin Michael Barnes, be increased to the sum of $300 a month, said order being set out in paragraph 3 of the modification decree, is reversed, leaving intact the judgment of the trial court entered November 10, 1982, ordering Michael to pay Stephanie the sum of $100 a month as child support.

If, in the future, Stephanie has proof of a change of circumstances affecting Dustin which is so substantial and continuing so as to justify the trial court in modifying the child support provisions of the original decree, she has, of course, the right to present such proof via a motion to modify.

CROW, C.J., and HOLSTEIN, J., concur.