Albert **RAMSDELL,** Appellant,

v.

Kathleen **RAMSDELL,** Respondent.

No. 53880.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 4, 1988.

Mark D. Hirschfeld, St. Louis, for appellant.

William R. Gartenberg, Clayton, for respondent.

CRIST, Judge.

Husband appeals the trial court's order sustaining wife's motion to modify their dissolution decree and the results of an accounting rendered upon husband's motion for the same. We affirm in part and reverse and remand in part.

Husband and wife's marriage was dissolved in July 1980. Wife was granted custody of the parties' one-year-old child and husband was granted visitation rights. Husband was ordered to pay child support in the amount of $35 per week. In accordance with a settlement agreement, husband was to transfer his interest in property located at 8519 Concord Place (Concord property) to wife, and upon sale of the same, wife was to divide the proceeds equally with husband.

Wife received very few child support payments from husband, and the payments had stopped entirely by December 1980, when the Concord property was sold. Wife sold the property for a down payment of $10,000, monthly payments of $135 per month for four to five years, and a final payment of $5,000. Wife told husband she would apply his portion of the proceeds to his child support obligations, although husband does not appear to have agreed to this arrangement. In any event, none of the proceeds were ever paid to husband.

On February 28, 1986, wife filed a motion to modify the decree alleging since the original decree the needs of the child have increased, the cost of living has increased, and husband's income has increased. Wife asked that child support be increased from $35 per week to $75 per week. Husband responded by filing a counter-motion to modify, asking for increased rights of temporary custody and access to the child's school, medical and dental records. Husband also filed a motion for an accounting regarding the sale of the Concord property.

The court sustained wife's motion for modification, increasing the child support to $60 per week, and ordered that husband pay wife's attorney's fees in the amount of $900. Husband's counter-motion to modify was partially sustained in that he was granted longer periods of temporary custody. His motion for an accounting was also sustained. The results of the accounting consisted of the following:

The Court finds that since the decree of dissolution the sum of Fifteen Thousand One Hundred and Forty Dollars ($15,140.00) is due [wife] as and for child support. The Court finds that [husband] is entitled to credit in the sum of Eleven Thousand One Hundred and Forty–Five Dollars ($11,145.00) from the sale of the family home and the sum of Three Hundred Fifty–Six Dollars ($356.00) for cash payments made, leaving a balance due [wife] of child support in the sum of Three Thousand Six Hundred and Thirty–Nine Dollars ($3,639.00).

Husband appeals the increase in child support, the award of attorney's fees and the results of the accounting which left him owing wife.

Husband first asserts the trial court's modification of the dissolution decree by increasing child support was not supported by sufficient evidence. More specifically he argues there was little or no evidence of an increase in the needs of the child, or an increase in his income to warrant modification.

In order to warrant modification of a child support award, a petitioner must demonstrate a change of circumstances so substantial and continuing that it makes the original award unreasonable. § 452.370.1, RSMo 1986; *Barnes v. Barnes*, 739 S.W.2d 224, 225[1] (Mo.App.1987). "Changed circumstances to support a modification must be supported and proven by detailed evidence." *Titze v. Cunningham*, 661 S.W.2d 623, 624[1] (Mo.App.1983).

■ The record on appeal discloses a lack of evidence from mother supporting the modification. There was no evidence of specific cost increases since the original order. Mother testified generally that costs had increased. She also stated that the minor child was in a private school because of the benefits of smaller class size. The child had been tested for dyslexia the previous year. Mother's income and expense statement was not received into evidence and was, therefore, not properly before the court. *See Hopkins v. Hopkins*, 664 S.W.2d 273, 274[3] (Mo.App. 1984) (mere filing of document does not put it before the court as evidence).

■ Although we recognize that the needs of a child increase with age and inflation, a more detailed explanation of the child's expenses and how they have increased since the original decree is necessary to justify an increase in child support. *Barnes*, 739 S.W.2d at 226[4]; *Niswonger v. Niswonger*, 676 S.W.2d 932, 933–34[3] (Mo.App.1984). Because the record indicates wife may possess the specific evidence necessary to support modification, the best interests of the child require that we reverse and remand to give wife further opportunity to produce that evidence. *See Bonskowski v. Bonskowski;* 700 S.W.2d 99, 101[2] (Mo.App.1985); *see also Rodden v. Rodden*, 527 S.W.2d 41, 43 (Mo. App.1975).

■ Husband next argues the trial court's award of attorney's fees to wife was an abuse of discretion. The award of attorney's fees in an action such as this is discretionary with the trial court. *Russell v. Russell*, 740 S.W.2d 672, 675[9] (Mo.App. 1987). In this case, we find no abuse of that discretion. *See Titze*, 661 S.W.2d at 625[4] (no abuse of discretion in awarding attorney's fees even though increase in child support was not supported by evidence).

Finally husband disputes the results of the accounting rendered by the trial court, first arguing he was entitled to interest on his half of the down payment on the Concord property and second arguing mother acquiesced to accepting the mortgage payments in lieu of child support and is, therefore, not entitled to the past-due support.

■ There was sufficient evidence from which the trial court could have found husband stopped paying child support and mother applied his share of the proceeds from the sale of the Concord property to offset husband's obligations under the divorce decree. There is nothing to indicate husband was entitled to interest on this money. It was his own failure to comply with the dissolution decree that initiated the deprivation of the sale proceeds.

■ Husband's claim that wife agreed to accept the mortgage payments in lieu of the weekly support payments and is now precluded from collecting the past-due support must also fail. The defense of waiver by acquiescence has been applied to bar an action for past-due child support "only in rare instances where the parties have expressly agreed." *DeMoranville v. Tetreault*, 654 S.W.2d 71, 72[1] (Mo. banc 1983); *State ex rel. Div. of Family Services v. Ruble*, 684 S.W.2d 949, 951 (Mo.App. 1985). "[T]he defense of waiver by acquiescence is an affirmative defense and ... the one asserting it must sustain the burden of proof." *State ex rel. Div. of Family Services v. Willig*, 613 S.W.2d 705, 706[2] (Mo.App.1981).

In this case, husband failed to sustain that burden of proof. Only wife testified to an agreement regarding the proceeds from the sale of the Concord property. She stated she kept husband's portion to apply to his child support obligations for as long as it lasted. Husband testified he stopped paying child support after wife sold the property and refused to surrender

his share to him. Husband did not testify there was an agreement between him and wife in this regard. The record does not compel a finding that wife agreed to accept the sale proceeds as full payment of husband's support obligations.

Judgment affirmed excepting for the portion granting an increase in child support. That part is reversed and remanded for a new trial.

CRANDALL, P.J., and REINHARD, J., concur.