In re MARRIAGE OF Deborah Denise
BABCOCK and Elbert
Earnest Babcock.

Elbert Earnest BABCOCK, Appellant,

v.

Deborah Denise (Babcock)
YOUNG, Respondent.

No. 15836.

Missouri Court of Appeals,
Southern District,
Division Two.

May 12, 1989.

Motion for Rehearing or Transfer
Denied May 31, 1989.

Dale E. Gerecke and Finch, Bradshaw, Strom & Steele, Cape Girardeau, for appellant.

Michael B. Hazel, Hazel and Ford, Caruthersville, for respondent.

FLANIGAN, Presiding Judge.

On April 20, 1988, the trial court, by an order of modification, increased from $100 per month per child to $175 per month per child, the support which the father, Elbert Earnest Babcock, was to pay for the benefit of his two sons, Richard and Adam. The modification was entered pursuant to a motion filed by Deborah Denise Young, the mother of the two boys. The order also required Elbert to pay the costs of medical, dental, and eye care treatment which are incurred on behalf of the two sons and which are not covered by Deborah's medical insurance policy. The order also awarded Deborah $300 attorney's fees to be paid by Elbert. Elbert appeals.

Elbert contends that the evidence was insufficient to support the increase in child support and was also insufficient to support the medical expenses provision because "there was no showing of a continuing and substantial change in circumstances from the date of the previous modification so as to make the terms of that decree unreasonable." Elbert also challenges the $300 attorney's fees award.

█ To warrant modification of a child support award, the petitioner, Deborah, must demonstrate a change of circumstances so substantial and continuing as to make the prior award unreasonable. § 452.370.1 RSMo 1986; *Ramsdell v. Ramsdell*, 758 S.W.2d 202, 204 (Mo.App.1988); *Titze v. Cunningham*, 661 S.W.2d 623, 624 (Mo. App.1983).

"While an increase in the costs of children's expenses, an increase in a child's age, *and* an increase in the father's earnings may constitute changed circumstances which necessitate an increase in child support ... unless there has been evidence of a substantial and continuing change in circumstances rendering present child support terms unreasonable, the child support obligor's ability to pay is not a relevant factor....

We recognize that as a child grows older and enters school, the expenses for caring for it increase, and that the older they get, the more the expenses increase. However, in order to make a rational determination of where a child support increase is justified, and how much, it is vital that the child's custodian present a detailed explanation of what the child's direct and indirect expenses are, and *how much those expenses have increased since the date of the support award that the custodian claims is inadequate.*" (Citing authorities.)

*In re Marriage of Barnes*, 739 S.W.2d 224, 226[3, 4] (Mo.App.1987). (Emphasis added.)

The marriage of Elbert and Deborah was dissolved on June 17, 1975, and Deborah was awarded custody of Richard, who was born on November 30, 1970, and Adam, who was born July 5, 1972. Elbert was ordered to pay child support in the amount of $10 per week per child. In 1978 the decree was modified and Elbert was ordered to pay $75 per month per child. In 1983 the decree was again modified and Elbert was required to pay $100 per month per child.

Deborah and the two boys live in a rental house at Caruthersville. Deborah is employed by a grain company as a grain inspector and her monthly "take home" pay is $998. She obtained additional night time employment at a cocktail lounge in order to pay a $500 medical bill, not covered by insurance, which Richard incurred for an appendectomy. She testified she would have to quit that job when harvest started in June in order to devote her time, at no additional compensation, to her regular job. She also testified that each of the sons incurred a bill of $2,000 for work done by an orthodontist, that Elbert paid $1,000 on each of those bills, that her insurance paid a portion of them, and that she owed $1,900 on which she was making monthly payments of $50.

Without objection, Deborah testified that since the date of the 1983 modification her expenses "relative to the feeding, clothing, housing, and school events" of the two sons had gone up. "The older they get, the more they cost." She testified that her monthly expenses, at the time of the 1988 hearing, totaled $1,514, of which $627.25 was directly attributable "to the boys."

Items of her monthly expenses which were not allocated in part to the sons included rent and utilities which totaled $400. Deborah also testified that, judging from their respective income tax returns, "I clearly make more than [Elbert] does."

Deborah's income tax returns showed the following taxable income:

1984 – $11,209;
1985 – 12,740;
1986 – 12,929.

Both sons are in high school. In 1987 Richard earned $20 a week at a part time job, and Adam did odd jobs for Deborah's father.

Elbert testified that he did not have his income tax returns for years prior to 1984. In 1984 he opened a print shop, where he does all of the work except for occasional help from his wife, Eugenia, who has her own separate business. According to Elbert's income tax returns, the print shop operation had a net loss, in 1984, of $6,061. In 1985 it had a profit of $6,594, in 1986 the net profit was $3,297, and in 1987 the net profit was $6,256. The portion of Elbert's federal income tax return dealing with the print shop operation also showed, however, that the gross income of the print shop steadily grew from 1984 to 1987, as reflected by the following figures:

1984 – $ 5,735;
1985 – 26,507;
1986 – 30,550;
1987 – 37,275.

Those returns also showed an ever-increasing deduction for depreciation of print shop equipment, as reflected by the following figures:

1984 – $ 4,054;
1985 – 6,382;
1986 – 10,920;
1987 – 12,880.

By his answers to interrogatories Elbert admitted that from 1984 to 1987 he had reduced his debt obligations by approximately $27,000. Those obligations were incurred in connection with the purchase of print shop equipment, a building for the print shop, and a 1984 Camaro. Elbert also owns a 1986 Mercury. He testified that his monthly living expenses, exclusive of payments on the print shop and its equipment, totaled $1,262, which included his $200 monthly child support payments.

■ The foregoing evidence was sufficient for the trial court to determine the present financial needs of the two sons. It also would justify a finding that Elbert's ability to pay child support had increased since 1983. It was, however, necessary that Deborah show that the actual expenses for the support of the children had increased substantially since 1983. *In re Marriage of Barnes*, supra, 739 S.W.2d at 225; *Niswonger v. Niswonger*, 676 S.W.2d 932, 933 (Mo.App.1984).

■ Although Deborah testified that, since 1983, there had been an increase in some of the expense items attributable to the support of the sons, the record is silent as to the amounts of those increases. The record indicates, however, that Deborah may possess the specific evidence to support modification. It is therefore appropriate, in the best interests of the boys, to reverse and remand so as to give Deborah the opportunity to produce that evidence. *Ramsdell v. Ramsdell*, supra, 758 S.W.2d at 204[3].

■ The award of attorney's fees in an action of this type is discretionary with the trial court. *Russell v. Russell*, 740 S.W.2d 672, 675[9] (Mo.App.1987). With respect to the instant allowance of $300, this court finds no abuse of that discretion. See *Ramsdell*, supra, at 204[4].

Those portions of the trial court's order of April 20, 1988, increasing child support payments from $100 per month per child to $175 per month per child and requiring appellant to pay the costs of medical, dental, and eye care treatment which are incurred on behalf of the two sons and which are not covered by respondent's medical insurance policy are hereby reversed and the cause remanded for further proceedings consistent herewith; in all other respects the order is affirmed.

MAUS and PREWITT, JJ., concur.