**Ruth M. LAWS, Petitioner/Respondent,**

v.

**Terry M. LAWS, Respondent/Appellant.**

**No. 57620.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 9, 1990.

Walther & Roberts, Michael C. Walther, St. Louis, for respondent/appellant.

Charles P. Todt and Associates, Charles P. Todt, St. Louis, for petitioner/respondent.

KAROHL, Judge.

Father appeals from order modifying three year old decree of dissolution to increase his child support obligation for two children, ages fourteen and eleven, from $400 to $786 per month. Father claims trial court erred when it increased his child support obligation because: (1) it considered evidence of factors which do not warrant an increase as a matter of law; and (2) its order was not supported by competent and substantial evidence of changed circumstances. We affirm.

The marriage was dissolved on April 18, 1985. The court granted custody of the parties' two minor children, ages ten and seven, to mother. It ordered father to pay $400 per month child support and to maintain medical and dental coverage on the children. It also awarded mother rehabilitative maintenance in the amount of $400 monthly for forty-eight months, later reduced to thirty-six months in the modification.

Mother filed her motion to modify on April 18, 1988. She filed an amended motion on March 27, 1989. After hearing the motion on October 2, 1989, the trial court increased father's child support obligation from $400 to $786 per month retroactive to October 1, 1988.

Father's first point on appeal is the trial court erred in increasing his obligation because the court misapplied the law by considering factors which do not warrant an increase in child support. Father argues the court erroneously considered evidence of: (1) father's increased income and his ability to support the children; (2) medical and dental expenses for the children; (3) children's increased age as it relates to their expenses for food, clothing and recreation; (4) children's increased expenses for food, shelter, clothing and other expenses as a result of inflation; and (5) mother's changed income.

We review the modification of child support set by the trial court only to determine whether the order is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Cigno v. Cigno*, 723 S.W.2d 930, 932 (Mo.App.1987). Section 452.370.1 RSMo Cum.Supp.1989 governs modification of child support. Mother as movant had the burden of proving a substantial and continuing change in circumstances rendering the existing award unreasonable. *In re Marriage of Barnes*, 739 S.W.2d 224, 225 (Mo.App. 1987).

Mother meets her burden by showing actual expenses for support of the children increased substantially making the existing award unreasonable. Mother introduced 1985 and 1989 income and expense statements for both herself and the children. It was proper for the trial court to hear mother's detailed explanation of how actual expenses for support of the children increased during the four and one half years due to medical and dental problems, increased needs for older children and increased costs for these needs resulting from inflation. Furthermore, § 452.370.1 provides: "The court ... shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse...."

Thus, mother's evidence of change in her income was relevant to the court's determination of whether the initial award had become unreasonable. Mother was also required to present evidence of father's ability to provide for the children's increased needs. *Barnes*, 739 S.W.2d at 226. She met this burden where the termination of rehabilitative maintenance was a greater sum than the increase in child support. The trial court properly considered evidence of factors which it was required by law to consider in determining whether modification of child support was warranted. Accordingly, we find no misapplication of law. Point denied.

In his second point father claims trial court's order was not supported by competent and substantial evidence of changed circumstances and any increase in the children's expenses was offset by the increase in mother's income. Father argues the type of evidence presented by mother was insufficient. Father further argues mother failed to prove her monthly expenses because mother testified, "I have to say that I don't have that much money every month to spend."

Neither father nor mother requested findings of fact and none were made. We consider all facts were found in accordance with the order issued by the trial court and disregard contrary evidence. *Cigno v. Cigno*, 723 S.W.2d 930, 932 (Mo.App.1987). Moreover, we recognize the trial court has the opportunity to judge credibility of witnesses. *Id.*

At the hearing mother testified the children were fourteen and eleven years old and both children required orthodonic treatment. Since the original decree, mother discovered one child requires continued treatment for a thyroid deficiency, while the other child requires medical treatment for high cholesterol and obesity. Mother testified the children's expenses increased from $660 per month in 1985 to $1,310 per month in 1989. We recognize as children grow older their expenses increase and their needs change. *Barnes*, 739 S.W.2d at 226.

Mother's gross income increased from $400 per month in 1985 to $1,094 in 1989. Additionally, mother receives $30 per month interest income and reduced school lunch rates for the children. Father's gross income also increased from $3,180.67 per month in 1985 to $3,900 in 1989. Father's new wife is employed and earns approximately $20,000 per year.

When husband cross-examined mother about the validity of her claimed expenses, given her limited income and bank withdrawals, mother testified, "Whatever money I get from my wages and child support. I guess I juggle it around. I certainly have a lot of expenses." Mother admitted, "I don't have that much money every month to spend."

Mother presented sufficient evidence in both quality and quantity to carry her burden of proving a change in circumstances causing the child support award of $400 per month to be unreasonable. Mother's evidence showed a substantial increase in the expenses incurred in raising the children. Mother lacks financial resources sufficient to cover the children's increased expenses. Father's new wife has the ability to share father's reasonable household expenses. *See* § 452.370.1 RSMo Cumm. Supp.1989. Father has the ability to pay the modified child support award of $786 per month. Therefore, trial court's order is

supported by substantial and competent evidence. Point denied.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.