Obra HEMPHILL, Appellant,

v.

Edna HEMPHILL, Respondent.

No. 49654.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 22, 1986.

Christopher J. Holthaus, St. Louis, for appellant.

Charles J. McMullin, St. Louis, for respondent.

CRIST, Judge.

Obra Hemphill (husband) appeals from a decree of the trial court dissolving his twenty-seven year marriage to Edna Hemphill (wife). Under the terms of the decree, wife received substantially all of the marital property, and was awarded maintenance of $200 per month and attorney fees of $2,500. On appeal, husband asserts the trial court erroneously awarded maintenance and attorney fees to wife, and erroneously divided the marital property. We affirm in part and reverse in part.

We initially note much of husband's appellate brief does not comply with Rule 84.04. Several of husband's points relied on do not state wherein and why the trial court erred. See Rule 84.04(d). In addition, we find only two page references to the transcript in husband's statement of facts and argument. See Rule 84.04(h). Nevertheless, wife did not complain of

439

these deficiencies, and one of husband's points has merit. *See* Rule 84.08.

Husband raises six points in his appeal. In his first point, husband asserts the trial court erred and abused its discretion in refusing to grant a new trial. Husband does not state wherein and why the trial court erred and abused its discretion. Rule 84.04(d); *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978). This point is denied.

■ In his second point, husband asserts the trial court erred in awarding maintenance of $200 per month to wife. We agree. We recognize a maintenance award is discretionary and our review is limited to a determination of whether the trial court abused its discretion. *Sawtell v. Sawtell*, 569 S.W.2d 286, 288 (Mo.App.1978). The trial court, however, may only award maintenance to wife if she:

1) Lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs; and
2) Is unable to support herself through appropriate employment....

Sec. 452.335 RSMo 1978.
Wife is required to show need before maintenance may be awarded. *Cunningham v. Cunningham*, 673 S.W.2d 478, 480 (Mo. App.1984).

■ Husband and wife had gross monthly incomes of $1,600 and $1,100, respectively. Wife has not shown she "lacks specific property, *including marital property apportioned to her*, to provide for reasonable needs." (emphasis added). The trial court awarded wife substantially *all* the marital property, including income producing real property. While there was evidence of marital misconduct on the part of husband, this misconduct is not a factor in determining his obligation to pay maintenance. *In re Marriage of Runez*, 666 S.W.2d 430, 432 (Mo.App.1983). We find the trial court abused its discretion in awarding wife $200 per month maintenance, and reverse the award.

■ In his third point, husband asserts the trial court erroneously awarded attor-ney fees of $2500 to wife, because wife had sufficient funds to pay counsel. We disagree. The trial court has wide discretion in awarding attorney fees. *Swanson v. Swanson*, 464 S.W.2d 225, 229 (Mo.1971). In awarding attorney fees, the trial court must consider all relevant factors including the financial resources of the parties. Sec. 452.335 RSMo 1978. In the present case, husband's gross income exceeded wife's by $500 per month. There was evidence of marital misconduct by husband. Considering all the relevant factors in this case, we cannot say the trial court abused its discretion in awarding attorney fees of $2500 to wife.

In his fourth point, husband asserts the trial court erred in awarding wife certain real property (not the marital residence). Husband maintains he was not the equitable owner of the property, and that this award was not supported by substantial evidence and was against the weight of the evidence. We disagree.

■ We initially note this point was not preserved for appeal. *See* Rule 84.04(d). In addition, we do not believe the trial court abused its discretion in awarding this property to wife. Husband was named in the deed as a life tenant, with full power to mortgage, sell, lease or convey the fee simple title, with the remainder to a third party. Wife filed a third party petition against this person. They did not appeal. In light of the evidence of marital misconduct, we find no abuse of discretion in the trial court's award of the "Plover" real property to wife.

■ In his fifth point, husband asserts the trial court erred in awarding the marital residence to wife, in that this disposition was not based on substantial evidence and was against the weight of the evidence. Again, this point preserves nothing for review. *See* Rule 84.04(d). In addition, in light of the marital misconduct on the part of husband, we do not believe the trial court abused its discretion in awarding the marital residence to wife.

In his sixth and final point, husband asserts the dissolution decree was not final because it did not dispose of wife's pension. We disagree. Husband offers no page reference to the legal file or transcript where the existence of such a pension appears. *See* Rule 84.04(h). Our review of the transcript reveals no such evidence. This point is denied.

The judgment awarding maintenance to wife is reversed. The judgment in all other respects is affirmed.

DOWD, P.J., and REINHARD, J., concur.