Bernard FEINSTEIN, et al.,
Plaintiffs-Appellants,

v.

COBUR CORPORATION, et al.,
Defendants-Respondents.

No. 50425.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 16, 1986.

**764**

Morris E. Stokes, Cary J. Mogerman, Hannegan, Stokes, Moerschel & Weber, P.C., St. Charles, for appellant.

Dennis J. McCubbin, Luke & Cunliff, P.C., St. Louis, for respondents Cobur & Casa Di Montessori.

Thomas W. Wehrle, St. Louis County Counselor, Don R. Williams, Associate County Counselor, Clayton, for respondent George C. Leachman.

Timothy K. Kellett, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for respondents Powers and Pioneer Bank & Trust.

**CARL R. GAERTNER, Presiding Judge.**

Plaintiffs appeal from an adverse judgment on their suit based upon the theory of unjust enrichment. We affirm.

An understanding of the issues requires us to detail the factual and procedural background of this litigation, both of which are tortuous and labyrinthine. Defendant Cobur Corporation owned a parcel of real property in St. Louis County subject to a duly recorded deed of trust held by defendant Pioneer Bank and Trust Company. On August 26, 1977, the property was sold at tax sale by defendant Leachman, the St. Louis County Collector of Revenue, under the provisions of the Jones-Munger Act of Missouri, 1933 (codified in Chapter 140, RSMo.1969). A collector's deed was issued in the name of Oscar Lohr, who purchased the property for $33,500.00. A receipt for this amount was given to "Bernard Feinstein, agent for Oscar Lohr." On July 24, 1979, Oscar Lohr commenced this litigation by filing suit against Pioneer, Thomas Powers, the trustee under the deed of trust, and Cobur Corporation to quiet title pursuant to § 140.330, RSMo.1969. A summary judgment in favor of defendants was reversed by this court in *Lohr v. Cobur Corp.*, 622 S.W.2d 270 (Mo.App.1981) and the cause was remanded to the trial court for consideration of a constitutional challenge to the notice provisions of §§ 140.150 and 140.170. After remand the trial court sustained the motion of Pioneer and its trustee for summary judgment. Lohr appealed and in *Lohr v. Cobur Corp.*, 654 S.W.2d 883 (Mo. banc 1983), the Supreme Court affirmed, holding that a tax sale preceded only by notice by publication could not constitutionally extinguish the lien of a known or easily ascertainable holder of a deed of trust. Thereafter, a third amended petition was filed. Oscar Lohr disappeared from the caption of the pleadings and plaintiffs were denominated "Bernard D. Feinstein and Beatrice M. Feinstein."[1] Feinsteins alleged that they

---

1. The record before us fails to reveal how this transition of plaintiffs was accomplished. In the middle of trial one of the defendants pointed out to the trial court that no motion for substitution had been filed. The trial court refused to delay proceedings to consider this complaint. None of respondents herein are asserting any procedural deficiency and therefore we

acquired title to the real estate on April 27, 1979, by quit claim deed; that the purchase of the property at the tax sale "was based upon a mistake of fact and law, in that plaintiffs understood the title thereto would be merchantable, and not subject to the claims" of Pioneer or others; that by payment of the purchase price, taxes and legal fees to perfect title, plaintiffs were damaged and defendants were unjustly enriched.

The case was tried by the court on the basis of these allegations. With detailed findings of fact and conclusions of law the trial court entered judgment against plaintiffs. The court found no credible evidence that the Feinsteins ever had any ownership interest in the property, that the documents upon which their claim of interest depended were forgeries, that there was no mutual mistake of law or fact, that there was no unjust enrichment and that by seeking relief through the use of forged and falsified documents, plaintiffs came before the court with unclean hands and were not entitled to equitable relief.

The scope of appellate review of a court tried case is well settled. We must affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence and creates a firm belief the judgment is wrong, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). It is for the trial court to determine the credibility of witnesses and to accept or reject their testimony in whole or in part. *Novak v. Akers,* 669 S.W.2d 644, 647 (Mo.App.1984).

■ On appeal plaintiffs contend the findings of the trial court are against the weight of the evidence. Their contention is based upon their argument that the testimony of Bernard Feinstein is uncontroverted. The trial court is free to believe all, part or none of the testimony of a witness, even though such testimony is uncontradicted. *Alice v. Ronald,* 683 S.W.2d 307, 310 (Mo.App.1984). Therefore, the total rejection of Feinstein's testimony as incredi-

ble would be within the discretion of the trial court even in the absence of the considerable quantum of evidence which refuted his trial testimony. His testimony was to the effect that he purchased the property at the tax sale and took title in the name of Oscar Lohr as a nominee. In the third amended petition plaintiffs claimed ownership of the property by virtue of a quit claim deed from Oscar Lohr dated April 27, 1979. The original petition in this cause was filed two months after that date by an attorney who testified he filed the action in the name of Oscar Lohr and alleged that Lohr was the owner of the property based upon information received from Feinstein. Contradicting his trial testimony that he furnished the funds for the purchase of the property at the tax sale, Feinstein answered interrogatories, under oath, that Oscar Lohr had supplied the funds for that purchase. In letters dated September 20, 1977 and December 12, 1977, Feinstein stated the property was sold to Oscar Lohr.

■ Most supportive of the trial court's conclusion that Feinstein's testimony was totally unworthy of belief is the evidence relating to the execution of certain documents. Plaintiffs alleged the source of their title to the property was a quit claim deed from Oscar Lohr dated April 27, 1979, and recorded on June 5, 1981. Feinstein admitted at the trial that he signed the name "Oscar Lohr" on this deed. The notary jurat on this deed recited "On this 27th day of April, 1979, before me personally appeared Oscar Lohr, to me known to be the person or persons described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed and who further declared himself to be single and unmarried." This jurat was signed and sealed by Maurice Weingart, a notary public, described by Feinstein as "a former relative." A general warranty deed dated April 20, 1979, conveying the property to plaintiffs was purportedly signed by Oscar Lohr and contained a similar jurat signed

do not address the effect of possible non-compliance with Rule 52.13.

and sealed by Weingart. The reason for the existence of two deeds purporting to convey the same property and executed seven days apart is not disclosed. Also unexplained is why the earlier warranty deed was neither recorded nor mentioned by plaintiffs in their pleadings.

An expert examiner of questioned documents testified regarding his examination of a number of documents purportedly written or signed by Oscar Lohr. He concluded the April 27, 1979 quit claim deed, two handwritten letters signed "Oscar Lohr" and the Lohr signatures on two other documents were all written by the same person using his opposite or awkward hand, e.g., a right-handed person using his left hand. Feinstein admitted writing the two letters signed "Oscar Lohr" in that manner. Feinstein contended he was authorized to sign documents on behalf of Lohr by virtue of a power of attorney dated October 16, 1962, and another dated August 1, 1977. The expert witness testified the signatures on the 1962 power of attorney, the April 20, 1979, warranty deed and another deed containing Lohr's signature dated September 23, 1983, were all written with the same ballpoint pen and appeared to be traced. Because of the identity of pen and ink and similarities in the typewriting on these documents, he concluded they were all signed at the same time. The expert also examined the August 1, 1977 power of attorney and found the Oscar Lohr signature there suspicious. The evidence of forgeries and falsified documents provides abundant support for the trial court's conclusion that Feinstein and the documents upon which he relied were unworthy of belief and that plaintiffs had adduced no credible evidence that they ever had an ownership interest in the property.

The patent chicanery disclosed by the evidence also supports the trial court's invocation of the maxim that a court of equity will not aid a plaintiff who comes to court with unclean hands. "[O]ne who has engaged in inequitable activity regarding the very matter for which he seeks relief will find his action barred by his own misconduct." *Mahaffy v. City of Woodson Terrace*, 609 S.W.2d 233, 238 (Mo.App. 1980). Plaintiffs' only basis for standing to seek equitable relief is predicated upon documents the trial court properly found to be forgeries with false attestations.

Plaintiffs also challenge the findings of the trial court that "there was no mutual mistake of law or fact to form a basis for equitable relief" and that "no person or party was unjustly enriched." These findings were expressly hypothetical and were included in the trial court's order only for the purpose of demonstrating other deficiencies in plaintiff's case. Although we agree with the findings and conclusions of the trial court, we need not prolong this opinion by addressing hypothetical issues. The finding of the trial court that plaintiffs had failed to prove they had any ownership interest in the property and were therefore not real parties in interest is dispositive.

Judgment affirmed.

SMITH and SNYDER, JJ., concur.