Carlene RUSSELL, Plaintiff–Appellant,

v.

Raymond RUSSELL,
Defendant–Respondent.

No. 52380.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 20, 1987.

Motion for Rehearing and/or
Transfer Denied Dec. 2, 1987.

Fred Roth, Clayton, for plaintiff-appellant.

Kevin Robert Kelly, Florissant, for defendant-respondent.

DOWD, Judge.

Carlene Russell, plaintiff, appeals from the decree entered in a dissolution of marriage case dividing marital property, awarding limited maintenance and denying attorneys' fees. We find no error and affirm the judgment of the trial court.

The parties were married on January 1, 1953 in Randolph County, Arkansas. All four children of the marriage are now emancipated. The parties separated in late September or early October 1984 and have lived apart continuously since that time.

Raymond Russell, defendant, has been employed by an airline company as a mechanic for nineteen years. Defendant testified his salary for the year 1985 was $36,995.00. During most of the parties' thirty-three year marriage, plaintiff has not been employed outside the home except for some sporadic part-time work. Plaintiff has an eighth grade education and no vocational training. At trial, she testified that as a result of her medical condition of emphysema and depression, she was unable to obtain a job. Plaintiff, however, did not present any medical testimony or any other physical evidence to establish her incapacity to work.

The circuit court granted a pendente lite order for maintenance, child support and attorneys' fees. The court ordered defendant to pay the sum of $690.00 per month for temporary maintenance, $200.00 per month for child support for his youngest child and $600 in attorneys' fees. Even after this child married, therefore becoming emancipated, plaintiff continued to collect child support through the date of the hearing without informing defendant of his daughter's emancipation.

The parties' marital assets included the marital home presently valued at $57,500.00, subject to an existing home mortgage of $9,875.00; three undeveloped tracts, one located in Terre Du Lac and one in Woodland Lakes, each valued at approximately $3,000.00, with a balance due of approximately $1,000.00 on the Woodland Lakes lot and the other lot on the Black River with an approximate value of $200.00. Plaintiff has been residing in the marital home since defendant moved into an apartment in late September or early October 1984. In addition, defendant has a retirement benefit plan at Ozark Airlines which will pay $8,947.00 per year beginning on July 1, 2000, the date of his retirement.

In the trial court's decree of dissolution entered on October 2, 1986, the court awarded the marital residence to plaintiff, subject to a deed of trust in favor of defendant in the amount of $20,500.00, payable in five years at nine percent interest per annum. In addition, the court awarded the undeveloped tracts and the retirement benefit plan to defendant and a maintenance payment of $400.00 per month for a period of seven years to plaintiff. The court declined to award attorney's fees to plaintiff. Plaintiff appeals from the limited maintenance award, the division of marital property, the deed of trust granted in favor of defendant, the court's failure to assess the present value of defendant's retirement

benefit plan, and the denial of attorneys' fees.

Our scope of review in a court tried case is to uphold the judgment of the trial court if the trial court's findings are supported by substantial evidence and are not against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Furthermore, the trial court's findings must not erroneously declare the law or apply the law. *Id.*

▪ Plaintiff first contends the trial court erred in limiting the duration of its award of maintenance to plaintiff for a period of seven years. Plaintiff argues there was no substantial evidence to support a finding that she would become self-supporting within the stated time or any time thereafter. We must sustain the trial court's decree unless there is no substantial evidence to support it. *Murphy, supra*, at 32. The trial court's order limiting the duration of plaintiff's maintenance must stand so long as the order is based on an evidentiary basis of some impending change of financial conditions of the parties and not upon mere speculation. *Hefti v. Hefti*, 682 S.W.2d 65, 67 (Mo.App.1984).

▪ To justify the prospective decrease or termination of maintenance, there must be evidence or a reasonable expectation that the circumstances of the parties involved will be markedly different in the future. *Id.* The trial court is empowered with a considerable degree of discretion when determining the amount and the duration of maintenance payments and will not be overturned unless the trial court abused its discretion. *Steinmeyer v. Steinmeyer*, 669 S.W.2d 65, 67 (Mo.App. 1984); § 452.335.2 RSMo 1986.

▪ The trial court awarded plaintiff maintenance of $400 a month, limited to a period of seven years. The record in this case does justify the imposition of the seven year maintenance limitation. A reasonable probability exists that plaintiff's situation will be different in the future. At trial, plaintiff testified that she is capable of working full time. No cognizable reason exists preventing plaintiff from becoming self-supporting within the stated time frame. All the children from the marriage are emancipated, and no medical problems impair her working ability. Plaintiff has failed to show an abuse of discretion on the part of the trial court's order limiting the duration of maintenance payments. The trial court should be affirmed, because there is a rational basis to support the trial court's determination to limit maintenance.

Plaintiff next contends the trial court erred in failing to award more than half of the marital assets to plaintiff. In particular, plaintiff argues that she is entitled to a greater share of the marital property as a result of her bearing a disproportionate share of the burdens of the marital relationship due to defendant's alleged marital misconduct. The trial court ordered a roughly equal division of the marital property. The main asset awarded to plaintiff was the marital home, valued at $57,500.00, subject to an outstanding debt of $9,875.00, which she was ordered to pay.

▪ In our review we proceed on the presumption that the trial court considered all the evidence, including plaintiff's needs and defendant's alleged misconduct, when dividing the marital property. Section 452.-330 RSMo 1986 requires the trial court to make the property division just and equitable in light of the particular circumstances of the parties and the statutory factors to be taken in consideration. *In re Marriage of Strelow*, 581 S.W.2d 426, 429–30 (Mo.App.1979). The trial court is vested with broad discretion in dividing the marital property, and its order will be affirmed unless there is no substantial evidence to support it or it appears from the record that the trial court erred or abused its discretion in prescribing such division. *Steinmeyer, supra*, at 68; *Strelow, supra*, at 429–30.

▪ The record in this case does not justify a disproportionate distribution of the marital property. Nothing in the record demonstrates an abuse of discretion in the trial court's award of the marital property. The husband's misconduct, if any, occurred near or after the time of the parties' separation. Without repeating the

alleged instances of misconduct on the part of defendant, a careful review of the evidence shows that the trial court did not find that defendant's conduct placed undue marital burdens upon plaintiff, and therefore, divided the marital property in accordance with this finding. We conclude the record fails to demonstrate any misconduct so burdensome as to require a modification of the division of the marital property as determined by the trial court.

■ Plaintiff further contends the trial court erred by ordering plaintiff to pay defendant $20,500.00 at nine percent interest within five years. Plaintiff argues this order will force her to sell the house in order to make the ordered payment and to provide for her needs, because she has no other assets or income from which she can make the payments and provide for her living expenses.

In light of the facts in this case, we cannot say that there was no substantial evidence in favor of the court's order. The trial court's order does not force plaintiff to consume her part of the marital property for living expenses.

Plaintiff cites *In re Marriage of Gooding*, 677 S.W.2d 332, 336 (Mo.App.1984), for the proposition that the court's order requires her to sell the marital residence for living expenses. Unlike the case at bar, the court ordered the property sold with the proceeds to be divided equally. Moreover, the wife had custody of three minor children, and she lacked the financial means to obtain housing. Here, the trial court did not order the house to be sold, so plaintiff can reside in the marital residence. If the need arises, the possibility of arranging refinancing of the marital home always exists. Unlike in *Gooding*, all of the children of the marriage are emancipated, and so plaintiff is not a custodial parent. Our scope of review is limited to whether the trial court's order is supported by substantial evidence or against the weight of the evidence. *Murphy, supra*, at 32. On the record presented, we find that the trial court's order was not against the weight of the evidence and was supported by substantial evidence.

■ In plaintiff's next point on appeal, she argues the trial court erred by not making any finding as to the present value of defendant's accrued benefit in his retirement plan. Plaintiff further argues a just award of maintenance requires a finding as to the value of all the marital assets, including defendant's retirement plan, in order to determine whether plaintiff has been given a sufficient award to provide for her reasonable needs.

At trial, neither side disputed the value of defendant's retirement benefit plan. Instead, the parties stipulated that defendant has a retirement benefit plan at Ozark Airlines in which he is 100% vested with his pension beginning on his date of retirement, July 1, 2000, when he will be paid a sum of $8,947.00 per year.

The trial court has broad discretion to divide the marital property as it deems just and equitable. § 452.330.1(3) RSMo 1986. Our only inquiry into this matter is whether the division is so disproportionate as to amount to an abuse of discretion or an erroneous application of the law. *Strelow, supra*, at 430. We conclude the record fails to reflect an abuse of discretion on the part of the trial court or erroneous application of the law in distributing the marital property. Point denied.

In plaintiff's final point on appeal, she challenges the trial court's denial of her requested attorneys' fees. As previously stated, the circuit court awarded plaintiff $600 in attorneys' fees in a pendente lite order. Plaintiff contends she lacks the financial resources to pay this reasonably requested fee and, defendant, who allegedly engaged in misconduct causing the breakdown of the marriage, is able to pay the requested fee.

■ A trial court is to consider all relevant factors when deciding whether to award or deny attorneys' fees. § 452.355 RSMo 1986. A trial court's determination on this issue is discretionary and reviewable only for an abuse of discretion. *McDowell v. McDowell*, 670 S.W.2d 518, 524 (Mo. App.1984).

Section 452.355 permits the trial court to consider all relevant factors in assessing attorneys' fees. A thorough review of the trial court's findings of fact does not indicate a finding of marital misconduct on the part of the defendant, and so this would not be a relevant factor to be taken into consideration. Plaintiff has failed to show that the trial court abused its discretion in denying attorneys' fees. In light of the extent of the trial court's discretion in such matters, we find no error in denying the award of attorneys' fees.

For the foregoing reasons, we affirm the judgment of the trial court.

STEPHAN, P.J., and PUDLOWSKI, J., concur.