**In Re the Marriage of Robert MESSMER, Petitioner–Appellant,**

v.

**Mary Ann MESSMER, Defendant–Respondent.**

**No. 52942.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 8, 1988.

Robert F. Summers, Clayton, for appellant.

Daniel P. Card, II, James Brian Ashwell, Clayton, for respondent.

STEPHAN, Presiding Judge.

Husband appeals certain provisions of a decree of dissolution entered in the Circuit Court of the City of St. Louis. Husband asserts that the court erred in granting wife permanent maintenance in the amount of $400.00 per week. In her answer to husband's petition and in her counterclaim for dissolution wife accused husband of marital misconduct alleging that he had maintained adulterous relationships with two named women. These allegations were tried at length, and the court made a specific finding that the evidence did not support them.

There were no children born of the fourteen year marriage so custody was not at issue. Wife received the following as separate non-marital property: 1969 Volkswagon worth $500.00; household goods and personalty worth $6,925.00; and, interest in her own Civil Service Retirement Plan, unvalued. As her part of the marital property, wife received: household goods and items of personalty worth $13,597.00; 1983 Volkswagon Sirocco worth $7,000.00 and subject to an indebtedness of $597.46; 50% of the interest of HOK, Inc. stock worth $9,251.37 but subject to a shareholder's agreement; 50% of the retirement benefits due husband arising from his employment with the Department of Justice worth $10,916.00; retirement benefits due wife arising from her employment with the U.S. Attorney's office, unvalued; a bank account worth $263.00; two IRA accounts worth $4,322.00 collectively; 50% of certain holdings managed by E.F. Hutton and Company, Inc. worth $33,622.48; IRA Account worth $8,861.82; the Putnam Income Trust Account worth $15,132.00; income tax refunds for the 1984 tax year worth $2,222.37; Metropolitan Life Insurance policy, unvalued; 50% of the net sale proceeds from the sale of numerous household goods; and 50% of the net sale proceeds from the sale of the marital home. Wife presented expert testimony to the effect that the home had a fair market value of $275,000, and the trial court ordered it sold. At the time of trial, the debt outstanding on the home was approximately $88,800. Thus, the order, as it related to the sale of the marital home constituted a cash award of approximately $93,100 to wife.

The trial court also ordered that wife receive permanent maintenance of $400.00 per week, because "the Respondent (wife) lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs." Wife maintains that she does not have the requisite skills and training to compete in today's job market.

Our standard of review is clear and has been stated many times. The trial court judgment will be affirmed unless there is no substantial evidence supporting it, unless the judgment goes against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The applicable statute, § 452.335 RSMo 1986, gives the trial court wide discretion in determining maintenance. *In re the Marriage of Runez*, 666 S.W.2d 430, 433 (Mo. App.1983). If, however, we determine that there has been an abuse of discretion, we must enter the judgment the trial court should have entered. *Tygett v. Tygett*, 639 S.W.2d 282, 285 (Mo.App.1982) citing *LoPiccolo v. LoPiccolo*, 547 S.W.2d 501, 506 (Mo.App.1977).

At the time of the dissolution, wife was 39 years old. She had been employed as a secretary with the United States Attorney's office for approximately six years prior to the marriage. She entered Trinity College shortly after the marriage to pursue her education, and graduated in May 1979 with a Bachelor's degree in Econom-

**164**

ics. Her tuition was paid out of husband's earnings. She worked for an insurance company as a sales and service representative from 1983 to 1986. In 1985, she earned $21,168.27 in that position. She then worked as temporary office help, and taught a basic typing class at a local school. When she moved out of the marital home in March of 1985, wife closed out an account with a savings and loan company which she and her husband had held jointly and reopened a new account in her name alone. The amount so transferred was about $35,000.

Maintenance is to be granted "only if the spouse seeking maintenance (1) Lacks sufficient property including marital property apportioned to him to provide for his reasonable needs, and (2) Is unable to support himself through appropriate employment ..." § 452.335.1 RSMo 1986. Basically, the statute provides that the party seeking maintenance shows that there is insufficient property to meet her reasonable needs and, she will be unable to support herself through appropriate employment. *Hurley v. Hurley*, 607 S.W.2d 169, 169 (Mo.App.1980). We find that wife has failed to make a showing that justifies an award of $400 per week.

Wife received a substantial amount of property through the settlement of marital property. Some of that property, i.e. IRA accounts, holdings managed by E.F. Hutton and Company, Inc. and the Putnam Income Trust Account, are income producing. She will also be receiving a cash award of approximately $93,100 from the sale of the marital home.

We also cannot see that wife will always be unable to support herself through appropriate employment. Wife was not out of the job market for an extended period of time. She is a fairly young woman in good health. She has been motivated to improve herself by continuing her education. She received an equal amount of the marital property, some of which is income producing which could help support her. She is certainly intelligent enough to refine whatever skills she needs to re-enter the work place. It would, however, be too speculative an endeavor to attempt to guess when wife will be able to find employment. We, therefore, would not limit the duration of wife's maintenance award because it is improper to set such a limitation based on speculation about future employment. *P.L.K. v. R.J.K.*, 682 S.W.2d 486, 489 (Mo. App.1984). Should wife be able to find suitable employment in the future, from which she could support herself, husband's recourse would then be to modify the decree on account of changed circumstances. *Id.*

We find that the award of $400 per week permanent maintenance was an abuse of discretion because it was excessive and against the weight of the evidence. Wife should receive, instead, maintenance of $200.00 per week.

The judgment is therefore reversed and remanded, and the trial court is ordered to modify its judgment and decree in accordance with this opinion.

DOWD and PUDLOWSKI, JJ., concur.