**Mary Lou SCHINKER,**
**Petitioner/Respondent,**

v.

**James John SCHINKER,**
**Respondent/Appellant.**

No. 53430.

Missouri Court of Appeals,
Eastern District,
Division One.

March 29, 1988.

James S. Collins, II, Russell A. Willis, III, St. Louis, for respondent/appellant.

Robert A. Dempster, Seth G. Gausnell, Sikeston, for petitioner/respondent.

GARY M. GAERTNER, Presiding Judge.

James John Schinker (hereinafter referred to as Husband) appeals the decree of dissolution ordered by the Circuit Court of St. Louis County. Husband raises three points on appeal. First, he alleges that the

trial court erred in awarding maintenance to Mary Lou Schinker (hereinafter referred to as Wife). Second, he maintains that it was error for the trial court to find that Husband's entire retirement benefit was marital property. Third, he argues that the trial court erred in dividing the marital property. Finding Husband's contentions to be without merit, we affirm.

The evidence reveals that the parties were married on August 5, 1957, and that one child who is now emancipated was born of the marriage. In July 1986, the trial court heard the parties' dissolution of marriage action. The trial court issued a decree of dissolution in which it (1) ordered Husband to pay maintenance to Wife in the amount of $286.00 per month, (2) determined that the entire retirement benefit payable to Husband from his employment was marital property, and (3) effected an approximately equal division of the marital property. Additional facts will be set forth as they become warranted by our discussion of the issues.

Initially, this court recognizes the applicable standard of review. We must affirm the decree of dissolution if it is supported by substantial evidence, is not against the weight of the evidence and neither erroneously declares or applies the law. *Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App., E.D. 1982). This court may only set aside the decree on the ground that it is against the weight of the evidence with caution and with a firm belief that the decision is clearly wrong. *Butler v. Butler*, 698 S.W.2d 545, 548 (Mo.App., E.D.1985).

■ In his first point, Husband alleges that the trial court improperly awarded Wife maintenance. A spouse who seeks maintenance must demonstrate need. *Hemphill v. Hemphill*, 710 S.W.2d 438, 439 (Mo.App., E.D.1986). Section 452.335 (1986) states that the court must find that the spouse seeking maintenance "lacks sufficient property ... to provide for his reasonable needs; and is unable to support himself through appropriate employment...." RMSo § 452.335.1(1)(2) (1986). The trial court in the case before us found that both of these facts were present with

respect to Wife. We believe that this decision is supported by substantial evidence. *See Weiss v. Weiss*, 702 S.W.2d 948, 956 (Mo.App., W.D.1986); *Madden v. Madden*, 585 S.W.2d 220, 221 (Mo.App., E.D.1979). At the time the dissolution action was heard, Wife was fifty-six years old and had been married to Husband for twenty-nine years; she had completed only the ninth grade of high school; and she lacked any significant work experience or training, as she had been a full-time homemaker caring for the couple's daughter. The trial court found that she would only be able to obtain employment in positions paying the minimum wage, a conclusion which is supported by substantial evidence.

■ In addition, Husband argues that the trial court did not adequately consider his ability to pay maintenance. We disagree. Husband earned approximately $37,960.00 in the year prior to the entry of the decree. Although Husband was unemployed at the time of the dissolution proceeding, he possessed the qualifications necessary for a senior project engineer and was receiving considerable severance pay from his former employer. In his brief, Husband places much reliance on the decision in *Russell v. Russell*, 740 S.W.2d 672 (Mo.App., E.D.1987). In *Russell*, the parties had been married thirty-three years and the wife possessed an eighth grade education and essentially no work experience outside the home. *Id.* at 673. The wife testified at the dissolution hearing that medical problems rendered her unable to obtain a job. *Id.* The appellate court noted that the wife did not present any medical testimony so as to establish her incapacity to work. *Id.* Nevertheless, the *Russell* court held that the wife was entitled to an award of maintenance. *Id.* In the present case, Wife testified as to her medical problems without the benefit of expert medical testimony, and the trial court incorporated her testimony in its decree. However, assuming *arguendo* that *Russell* states a rule of law, as opposed to *dicta*, that a spouse's testimony alone is not sufficient to establish the spouse's inability to support himself based on medical

disability, in the case before us there was substantial evidence wholly unrelated to any claim of medical disability which established Wife's inability to support herself. This point is denied.

In his second point, Husband maintains that the trial court erred in determining that his entire retirement benefit was marital property. Husband began working for his employer in 1947, ten years prior to the couple's marriage in 1957. In 1959 Husband's participation in his employer's retirement plan commenced. At the time of the dissolution action, Husband was fully vested in the retirement plan. Husband contends that part of his retirement benefits were earned during the ten year period prior to the marriage and, thus, should be deemed separate property. However, it is clear that Husband's participation in the retirement plan began in 1959 after the parties were married. Thus, as all of the retirement benefits were earned after the parties married, the benefits in their entirety constitute marital property. *Abanathy v. Abanathy*, 657 S.W.2d 51 (Mo.App., E.D. 1983). Where a retirement plan is created during a couple's marriage and it is vested, the plan is properly designated marital property. *Anderson v. Anderson*, 690 S.W.2d 495, 497 (Mo.App., W.D.1985). This point is denied.

In his third point, Husband argues that the trial court committed error when it divided the marital property; specifically, he states that the court did not give adequate consideration to the conduct of Wife during the marriage. Section 452.330.1(4) (1986) requires the court to consider "the conduct of the parties during the marriage," in dividing the marital property. In its decree of dissolution, the trial court found that the evidence presented by each party as to the marital misconduct of the other party was contradictory and lacked credibility; thus, the evidence was not sufficient to affect the division of property. The trial court is vested with considerable discretion in dividing marital property and this court will only interfere if the division is so heavily and unduly weighted in favor of one party so as to amount to an abuse of discretion. *Dardick v. Dardick*, 670 S.W. 2d 865, 869 (Mo. banc 1984). As the division of property in the present case was approximately equal, we cannot find that the trial court abused its discretion.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.