**Leslie SIEGENTHALER, Respondent,**

v.

**James SIEGENTHALER, Appellant.**

**No. 54276.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 29, 1988.

---

1. Plaintiff-contractor's motion for damages for frivolous appeal pursuant to Rule 84.19 is denied.

Bert L. Gates, St. Louis, for appellant.

Gael Davis Wood, James William McGettigan, Jr., Washington, for respondent.

## PER CURIAM.

Husband appeals from an amended decree of dissolution, challenging the division of marital property, and the award of maintenance, temporary custody and attorney's fees to wife. We affirm as modified.

The parties, Leslie Siegenthaler, hereinafter referred to as "Wife", and James Siegenthaler, hereinafter referred to as "Husband", were married on September 9, 1967, and had three children: Stacey, born January 26, 1974; Bradley, born April 17, 1976; and James, born June 22, 1977. Husband and Wife separated on or about May 5, 1986. On September 11, 1986, Wife filed a petition for dissolution of marriage.

The evidence adduced at trial indicated that Husband received his Bachelor's Degree from college in December, 1973. Husband is employed as a criminal investigator for the U.S. Department of Treasury and the Internal Revenue Service. His gross salary is four thousand thirty dollars ($4,030.00) per month. Wife worked full time until the birth of the parties' first child. Wife has worked as a substitute teacher since September 1985, and received an Associate's Degree in May, 1987. Wife may not work more than 45 days per year as a substitute teacher because of her limited formal education. Wife receives thirty seven dollars ($37.00) for each day she works as a substitute teacher. Wife expressed her intent to obtain a Bachelor's Degree in elementary education and a Master's Degree in administration.

The trial court, in the decree of dissolution, awarded custody of the children to Wife, and provided for visitation by Husband. The division of marital assets gave Husband the marital residence, valued at $74,500.00, and other assets with a total value of $5,149.48. The court awarded property valued at $6,037.00 to Wife. Husband was ordered to pay marital debt equalling $74,595.21 and Wife was ordered to pay marital debt equalling $4,331.45.

The court ordered Husband to pay $850.00 per month for all three children as child support and $650.00 per month as maintenance. It further ordered Husband to pay $3,600.00 to Wife's attorney as and for attorney's fees.

■ Initially, this court recognizes the appropriate standard of review. The decree of dissolution must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence and neither erroneously declares nor applies the law. *Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App., E.D.1982).

■ In his first point on appeal, Husband claims that the trial court erred by awarding indefinite maintenance in the amount of six hundred fifty dollars ($650.00) per month. Revised Statutes of Missouri, § 452.335.1 (1986), states in pertinent part:

... the court may grant a maintenance order to either spouse, but only if it finds the spouse seeking maintenance (1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and (2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

Husband contends that Wife could have supported herself through appropriate employment and was therefore not entitled to maintenance. Although there is an affirmative duty of a spouse requesting maintenance to seek employment, *Phelps v. Phelps*, 620 S.W.2d 462, 465 (Mo.App., W.D.1981), it is not the intention of this court to discourage the education of a party to a dissolution. *P.L.K. v. R.J.K.*, 682 S.W.2d 486, 489 (Mo.App., W.D.1984).

Husband refers us to two cases where this court denied a wife maintenance or reduced the wife's maintenance even though the wife in each case was unemployed. *Messmer v. Messmer*, 746 S.W.2d 162 (Mo.App., E.D.1988); *Metts v. Metts*, 625 S.W.2d 896 (Mo.App., E.D.1981). These cases are distinguishable from the instant case. In each of those cases the wife received income producing property as part of the property division; in the present case, Husband admits Wife lacks sufficient property to support herself. Wife has not held a permanent full time job for the past fourteen years and her level of education will only permit her to work forty-five days per school year at a rate of thirty-seven dollars ($37.00) per day. Wife is unable to support herself through appropriate employment without further education and lacks sufficient property. Under these circumstances it is clear that the trial court's award of maintenance is not against the weight of the evidence.

■ Husband further claims that the trial court erred by refusing to limit maintenance to a term of three years from the date of its decree. Awards of limited duration should not be based on speculation as to future conditions of the parties. *Turner v. Turner*, 650 S.W.2d 662, 664 (Mo.App., E.D.1983). Where it is uncertain as to the time needed for a party to complete her education, a trial court acts within its discretion by refusing to limit the duration of the maintenance award. *P.L.K. v. R.J.K.*, 682 S.W.2d 486, 489 (Mo.App., W.D.1984). Husband's sole recourse should be to institute a proceeding to modify the award when Wife's circumstances change. *In re Marriage of Powers*, 527 S.W.2d 949, 956 (Mo.App., E.D.1975).

■ Husband suggests that the trial court also erred in its award of maintenance because the court failed to consider Husband's ability to pay such maintenance. The applicable statute, RSMo § 452.335 (1986), gives the trial court wide discretion in determining maintenance. *Messmer v. Messmer*, 746 S.W.2d 162, 163 (Mo.App., E.D.1988). Husband asserts that *Alvino* is controlling. *Alvino v. Alvino*, 659 S.W.2d 266 (Mo.App., E.D.1983). In *Alvino* we reversed an award of maintenance and child support that totalled eighty percent (80%) of the husband's net earnings. We believe that *Alvino* is distinguishable on its facts because of the incredible financial strain that the award in *Alvino* put on the husband. We reemphasize that the trial court has wide discretion in determining maintenance awards and where, as here, it has not been shown that the trial court's award goes against the weight of the evidence, we cannot hold that the trial court abused its discretion.

■ Husband also argues in his first point that the trial court abused its discretion in ordering him to pay eight hundred fifty dollars ($850.00) per month child support. We observe that the award is below the amount suggested by the Missouri Child Support Guidelines for three children when the Husband has gross monthly income of approximately four thousand thirty dollars ($4,030.00). *Missouri Child Support Guidelines*, 735/736 S.W.2d XLVI (Missouri Cases). This court concludes that the trial court did not abuse its discretion. The first point is denied.

■ Husband contends in his second point on appeal that the trial court abused its discretion in dividing the marital property. He argues that the trial court erred in valuing the marital residence. When there is contradictory testimony regarding the value of the marital assets, deference is given to the trial judge, who is in a position to assess the credibility of the witnesses. *Hogrebe v. Hogrebe*, 727 S.W.2d 193, 197 (Mo.App., E.D.1987). Husband stated in the Financial Statement which he filed with the trial court that the marital residence had a value of seventy four thousand five hundred dollars ($74,500.00). And, during direct examination of the Husband the following exchange occurred:

[Husband's attorney]: Okay. Do you feel that this price tag of $74,500 is a realistic value to be placed on your home as far as what you would expect to sell it for?

[Husband]: In my opinion, yes.

The trial court's finding is supported by substantial evidence. Husband further argues that the trial court erred in valuing various items of marital personal property. We again must give deference to the trial judge, who is in a position to assess the credibility of the witnesses and apply proper values to the property. *Hogrebe*, 727 S.W.2d at 197. We hold that the valuation of the personal property is supported by substantial evidence and is not against the weight of the evidence.

■■■ Husband contends that the trial court erred in its division of the marital assets and the marital debt. Under RSMo § 452.330 (1986) the trial court is required to divide the marital property in a just, fair and equitable manner. *Shelor v. Shelor*, 683 S.W.2d 647, 648 (Mo.App., E.D.1984). The trial court has discretion in the division of marital property, and a just division is not necessarily an equal one. *Woods v. Woods*, 713 S.W.2d 292, 293 (Mo.App., E.D. 1986). The trial court assigned to Husband a large portion of the marital debt but also assigned to him approximately thirteen-fourteenths ($^{13}/_{14}$) of the marital property. Husband asserts that we should assign one-half ($^{1}/_{2}$) of the marital debt to each party, but this would be a wholly inequitable distribution of the marital debt, as Wife only received $6,037 out of a total of $85,686.48 of marital property. The second point is denied.

■■■ Husband claims in his third point that the trial court erred in determining his rights as to temporary custody of the parties' children. We agree. We stated in *Chastain* that the trial court is vested with broad discretion in ruling on custody and visitation. *Chastain v. Chastain*, 632 S.W. 2d 291, 292 (Mo.App., E.D.1982). The trial court ordered that Husband have both visitation and temporary custody of all three children on the second and fourth weekends of each month and on certain alternating holidays. The trial court further ordered that Husband should have a right to visit with the children and have the children visit with him at all reasonable times upon reasonable notice to Wife. This court

believes that the welfare of the children requires some other disposition.

The Amended Order is hereby modified to provide the Husband with temporary custody for up to six weeks during each summer, between June 1 and September 1. Husband is ordered to give Wife at least sixty days advance notice before exercising these extended periods of temporary custody. Husband is also entitled to temporary custody of all three children for a period of six consecutive days including Christmas Eve and Christmas Day during alternating Christmas holidays. Husband is further entitled to temporary custody and visitation during alternating Spring breaks and alternating Thanksgiving four day weekends.

In addition to this visitation and temporary custody, the Husband shall have the right to both visitation and temporary custody of the three children on certain alternating nationally recognized three day holiday weekends. He shall have such right to the even numbered holidays in the even numbered years and to the odd numbered holidays in the odd numbered years. Said holidays are as follows:

1. Martin Luther King Day
2. President's Day or Washington's Birthday (observed)
3. Memorial Day
4. Labor Day

Husband shall also have the right to both visitation and temporary custody of the three children on two weekends per month. The particular weekends are to be determined by the mutual agreement of the parties. But, when a three day holiday weekend that has been previously set forth as a weekend on which Husband is to have temporary custody occurs in a particular month, then that weekend will constitute one of his two weekends for that particular month. That part of the Amended Order granting primary custody of the minor children to the Wife is affirmed without modification.

■■■ Husband contends in his final point that the trial court abused its discretion in requiring him to pay Wife's attorney's fees. The trial court has wide discretion in awarding attorney's fees. *Hemphill v.*

*Hemphill,* 710 S.W.2d 438, 439 (Mo.App., E.D.1986). In awarding attorney's fees, the trial court must consider all relevant factors including the financial resources of the parties. RSMo § 452.355 (1986). We held in *Stone* that the trial court did not abuse its discretion in awarding Wife attorney's fees as the extreme financial need of Wife was established. *Stone v. Stone,* 725 S.W.2d 145, 150 (Mo.App., E.D.1987). The financial need of the Wife herein has been established and, therefore, we do not find an abuse of discretion on the part of the trial court. This point is denied.

JUDGMENT AFFIRMED AS MODIFIED.