In re Marriage of Marie PRESTON, Petitioner/Respondent,

v.

Joel PRESTON, Respondent/Appellant.

No. 54824.

Missouri Court of Appeals, Eastern District, Division Two.

April 4, 1989.

Charles M. M. Shepherd, Clayton, for respondent/appellant.

William R. Gartenberg, Clayton, for petitioner/respondent.

GARY M. GAERTNER, Judge.

Joel Preston (hereinafter referred to as Husband) appeals the decree of dissolution ordered by the Circuit Court of St. Louis County. Husband asserts three points of error on appeal: 1) the trial court's valuation of certain marital assets was not supported by substantial evidence and was against the weight of the evidence; 2) the trial court abused its discretion in awarding a disproportionate share of marital property to Marie Preston (hereinafter referred to as Wife); and 3) the trial court abused its discretion in ordering Husband to pay Wife's attorney's fees. We affirm.

The evidence reveals that the parties were married on August 11, 1975, and that no children were born of the marriage. Wife petitioned for a dissolution of the marriage and the trial court found the marriage irretrievably broken. A decree of dissolution was issued on March 25, 1988, which awarded Wife $89,000.00 of the marital assets and Husband $41,000.00 of the marital assets. In its order, the trial court identified the marital properties and their approximate net equity values. In addition the trial court made a finding of marital misconduct by Husband. Furthermore, the trial court, in consideration of the respective financial positions of the parties and other relevant factors, charged $3,500.00 of Wife's attorneys fees to Husband. Additional facts will be set forth as they become warranted by our discussion of the issues.

This court recognizes the appropriate standard of review. The decree of dissolution must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence and neither erroneously declares nor applies the law. *Bull v. Bull,* 634 S.W.2d 228, 229 (Mo.App., E.D. 1982). We will set aside a divorce decree on the basis that it is against the weight of the evidence only with caution and with a firm belief that it is clearly wrong. *Butler v. Butler,* 698 S.W.2d 545, 548 (Mo.App., E.D.1985).

■ In Husband's first point, he claims the trial court's valuation of $15,000 for a Delorean automobile, $5,000 for a certificate of deposit (C.D.) which has a $10,000 face value, and $10,000 for the assets of Preston Corporation, are unsupported by the evidence. Husband further argues that no substantial evidence supports the trial court's designation of the assets of

Preston Corporation as marital property or its failure to assign a specific value to silver certificates and uncirculated coins. As neither party requested findings of fact on specific controverted issues, such as the value of Preston Corporation or the value of the silver certificates and uncirculated coins, the trial court was not required to assign a specific value to each item. *Dardick v. Dardick*, 670 S.W.2d 865, 867–69 (Mo. banc 1984). Furthermore, where as here evidence of value contained in the record is sufficient for a determination as to the statutory factors under § 452.330.1, the trial court's division of property may be based on approximate value. *Id.* at 868–69.

■ Husband's contentions as to the Delorean automobile and the assets of Preston Corporation are based on the argument that the testimony of Husband is uncontroverted and therefore his opinion of value must be accepted. In fact, Husband's testimony as to valuation is not uncontroverted. Wife testified as to the sticker price and value of the trade in on the Delorean, both relevant factors in determining present value. The trial court is free to believe all, part or none of the testimony of a witness even if such testimony is uncontroverted. *Feinstein v. Cobur Corporation*, 721 S.W.2d 763, 765 (Mo.App., E.D. 1986). The original sticker price on the Delorean was $26,000.00. The parties traded in a 1981 Corvette which had been purchased just months before for approximately $13,000.00 plus paid $6,000.00 in cash. Because the Delorean is a unique automobile and was driven less than 4,000 miles per year the trial court could reasonably conclude from the evidence that the Delorean had retained $15,000.00 in value.

■ The evidence shows some assets of Preston Corporation, vehicles and equipment, are the subject of litigation between Husband and his father. This equipment was transferred from Preston Plumbing to Preston Corporation without consideration. The evidence indicates some items have a negative net equity value, and others are owned by Preston Corporation without encumbrance. Husband has offered his father $8,500.00 for all the equipment trans-

ferred. Thus, Husband essentially argues that Preston Corporation is actually in debt and worth nothing. The trial court's considerations in determining the value of Preston Corporation's assets were not limited to testimony as to vehicles and equipment. The court also considered accounts receivable and the apparent fiscal vitality of the company. It is clear from Husband's testimony that Preston Corporation is an ongoing enterprise and profit producing asset which could reasonably be valued at $10,000.

■ It is undisputed that there is a $10,000.00 certificate of deposit being held at Boatmen's Bank. The amount of loans against the certificate is in controversy. Wife testified there was a loan in the amount of $5,000.00 or $6,000.00, and in her financial statement there is listed a $5,300.00 loan against the certificate. In Husband's financial statement he lists the outstanding loan at $6,300.00. The trial court's conclusion that the approximate value of $5,000.00 is supported by the evidence.

■ Additionally, Husband asserts that there is no evidence to support the trial court's finding that the assets of Preston Corporation are marital property. Husband's apparent reasoning is that all assets are owned by the corporation, not by the Husband individually, in which case the only marital assets would be shares of the corporation. Husband argues that the trial court found the corporation's stock to have "no value". Therefore, he reasons that there is no marital property. This argument is without merit. The trial court's finding was that "no value was established" in the stock ownership of Preston Corporation. In any event, because it was acquired during the marriage, Preston Corporation, its assets, and shares of stock are marital property and were properly awarded to Husband. RSMo § 452.330.2 (1986).

■ In his second point, Husband claims that the trial court abused its discretion by awarding an unjust portion of marital property to Wife. Specifically he argues that the court placed undue weight on his misconduct which occurred after separation,

and failed to consider misconduct by Wife throughout the marriage. In arriving at the division of marital property the trial court considered the nature of the assets of the parties and the marital misconduct of Husband, which included removal of funds from a safe deposit box after separation. Husband argues that there is insufficient evidence in the record to support this finding. For the reasons set forth below, we find no abuse of discretion by the trial court in dividing the marital property and sufficient evidence in the record to support the finding that Husband concealed $25,000 of marital funds.

It is clear from Husband's testimony on cross-examination that between $23,000 and $25,000 in cash was concealed from Wife and placed in a safe deposit box. The money was later applied to Husband's ongoing business, Preston Corporation. Husband subsequently attempted to label these funds as account receivables of the Corporation. The truth seeking function of cross-examination must not be overlooked. The trial court is in a position to judge the demeanor and credibility of witnesses and the weight to be placed thereon is within the trial court's discretion. Husband's misconduct in this regard was reasonably found by the trial court to place an extra burden on Wife during the marriage.

The division of marital property is controlled by RSMo § 452.330.1 (1986), which requires the trial court to make the property division just and equitable in light of the particular circumstances of the parties and the statutory factors to be taken into consideration. *Russell v. Russell,* 740 S.W.2d 672, 674 (Mo.App., E.D.1987). The record in this case justifies a disproportionate distribution of marital property. The factual circumstances of the parties show that Husband's $44,000 approximate gross income is almost twice Wife's earnings. That Wife requested but was refused maintenance is an additional equitable consideration. In examining the nature of the assets awarded to each party, Husband was awarded Preston Corporation, a profit producing enterprise, now and into the future. Wife was not awarded any income producing property. After considering the evidence on the record, we find no abuse of discretion. Husband claims that the basis for the trial court's disproportionate distribution of marital property was its undue emphasis on his marital misconduct. We disagree. There was ample evidence that the trial court considered all relevant factors including those listed in § 452.330.1 RSMo.

Husband's third point asserts that the trial court abused its discretion in awarding attorney's fees to Wife in the amount of $3,500. It is Husband's burden to show that the ruling manifests an abuse of discretion in that it is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of deliberation. *Potter v. Desloge,* 658 S.W.2d 83, 85 (Mo.App., E.D.1983). Section 452.355 permits the trial court to consider all relevant factors in assessing attorney's fees and its determination of this issue is discretionary. RSMo § 452.355 (1986). *Russell v. Russell,* 740 S.W.2d 672, 675–76 (Mo.App., E.D. 1987). Upon review of the record it is clear that Husband has failed to show that the trial court abused its discretion in awarding attorney's fees.

The decision of the trial court is affirmed.

GRIMM, P.J., and KAROHL, J., concur